Budd G. Goodman, J.
Defendants move by order to show cause, pursuant to paragraph 4 of subdivision (a) of OPLB 5015 to (1) vacate a judgment on default entered on March 7, 1968 on the grounds that the court lacked jurisdiction to render such judgment in that the summons and complaint were allegedly never served upon the defendants, and (2) to compel the plaintiff to make restitution in the amount of $1,706.15.
In her supporting affidavit, the defendant Oneta Ingram alleges that she first learned of the judgment against her on or about March 12,1968 when she was advised by Chase Manhattan Bank that ‘ ‘ a restraining information subpoena had been served against her account.” She then “ attempted to pay the judgment in weekly installments,” intermittently through September of 1971, and then stopped. In January of 1972, an income execution was served on her new employer and additional money was deducted pursuant thereto. Mrs. Ingram - has thus far made payments in the amount of $1,706.15, and there remains an additional balance of at least $331.85.
Realizing that her original charge for the freezer, the subject matter of the action, was $1,270.44 and that she had already *788 paid over $1,706, Mrs. Ingram made a complaint in February of this year, to the West Harlem Consumer Complaint Center of the New York City Department of Consumer Affairs, which investigated the matter, and in June, an attorney, John J. Witmeyer, III, became her counsel through the good offices of that agency.
On a motion of this nature, it is the usual practice of the court to set the matter down for a traverse so that the rights of the parties can be protected. This procedure is not mandatory but lies within the discretion of the court. The Appellate Division, First Department, has previously reversed a lower court order which had set a matter down for such a hearing, where one defendant had submitted to examinations in supplementary proceedings. (Rose v. Romano, 262 App. Div. 731.)
In the instant case, the defendant Oneta Ingram did more. She voluntarily made payments pursuant to the judgment for better than three years. The plaintiff obviously relied upon the defendants’ awareness of the judgment and the underlying proceeding. At some point, such as that which has been reached here, it would be manifestly unfair to have the plaintiff produce a process server.
The Appellate Division in the Third Department has taken a similar view as in Rose v. Romano (supra). In Revona Realty Corp. v. Wasserman (4 A D 2d 444, 447) the court reiterated that jurisdiction over the person, unlike that over the subject matter can be waived, and that this waiver can take place by acts of the party affected. The court said, in part,if it be assumed that the service of process followed due form of law; that the court had before it in proper form proof which would support personal jurisdiction of the defendant * * * the objection that no such jurisdiction had been acquired * * * may be waived. The prior course of conduct or of procedural policy of the party asserting absence of personal jurisdiction may estop its assertion.”
In the case at bar, I conclude that the defendants acting together by their course of conduct over the years have waived their claim of lack of jurisdiction over the person and are now estopped to deny the validity of the service upon them.
In the final analysis however, the court, in the interest of substantial justice, will permit the defendants to open their default and to interpose an answer.
Professor Siegel, in his commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5015) stated most cogently and forcefully : ‘ ‘ neither section 317 nor the instant provision may be *789 deemed preemptive of the instances in which the court may relieve a party from a judgment. A statement of intent to preserve this discretionary power of the court appears in the Advisory Committee’s notes to the predecessors of both CPLB § 317 and the instant section. * * * As to the instant provision, the Committee wrote that ‘ The court’s inherent power to relieve a party from the operation of a judgment in the interest of substantial justice is not limited in any way by the proposed [i.e., the CPLB] rules.’ (Third Beport Leg. Doc. (1959) No. 17, p. 204.) ” The interests of justice will best be served in this case by permitting the defendants to establish whether they were indeed victims of a fraudulent consumer sales scheme. In this connection the court takes note of Judge Waohtleb’s landmark decision, Jones v. Star Credit Corp. (59 Misc 2d 189, 191) in which he poignantly states. “ Section 2-302 of the Uniform Commercial Code enacts the moral sense of the community into the law of commercial transactions ”. Judge Wachtleb determined that a transaction also involving a freezer and the Star Credit Corp. was unconscionable as a matter of law and reduced the purchase price to avoid an unconscionable result.
The courts must provide the necessary instrumentality to pierce the shield of caveat emptor when it is sought to be used as a sword at the throats of the poor and the illiterate.
The default is vacated and the defendants are granted leave to serve and file an answer within 10 days after the entry of this order. The judgment shall stand as security and its execution shall be stayed until final disposition of this matter on the merits.