HANS BIENER, Individually and as Administrator of the Estate of HEDWIG BIENER, Deceased, and as Parent and Natural Guardian of SUSANNE BIENER and Others, Infants, Plaintiffs, v HYSTRON FIBERS, INC., Respondent.

HYSTRON FIBERS, INC., Third-Party Plaintiff-Respondent, v SECURITY FORCES, INCORPORATED, Third-Party Defendant-Appellant.

SECURITY FORCES, INCORPORATED, Fourth-Party Plaintiff-Appellant, v PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, as Administrator of the Estate of CHARLES F. GREER, Deceased, Fourth-Party Defendant.

First Department, December 23, 1980

APPEARANCES OF COUNSEL

*Robert L. Horkitz* of counsel *(Rein, Mound & Cotton,* attorneys), for appellant.

*Benjamin Vinar* of counsel *(Thomas R. Newman* with him on the brief; *J. Robert Morris* and *Siff & Newman, P. C.,* attorneys), for defendant and third-party plaintiff-respondent.

OPINION OF THE COURT

FEIN, J. P.

In this action for personal injuries and wrongful death, Security Forces, Incorporated (Security) was impleaded as a third-party defendant by defendant Hystron Fibers, Inc. (Hystron). It is undisputed that jurisdiction over Security was obtained by a *Seider v Roth* (17 NY2d 111) attachment. Challenging the constitutionality of the *Seider* attachment, the third-party defendant, in its answer, asserted the affirmative defense of lack of subject matter and personal jurisdiction as well as in rem or quasi in rem jurisdiction. It also purported to implead, as fourth-party defendant by virtue of attachment, the Public Administrator of New York County as administrator of the goods, chattels and credits of Charles Furman Greer, the deceased driver of the vehicle involved in the accident.

On April 14, 1977, prior to the United States Supreme Court decision in *Rush v Savchuk* (444 US 320), plaintiff, Hystron and Security entered into a stipulation in which it was agreed that the plaintiff's action should be settled for the sum of $450,000 to be paid by Hystron or its insurance carrier, Aetna Life and Casualty Co. (Aetna), or Security and/or its insurance carrier, Security Insurance Co. of Hartford (Security Insurance), or by such other persons, firms or carriers as directed by the court. It was further stipulated that on July 27, 1970, on Interstate Highway 85, Spartanburg, South Carolina, in a vehicle owned by Hystron and operated by one Charles F. Greer who was at the time

an employee of Security and in the course of his duties as security guard at the Hystron premises, an accident occurred in which the individual infant plaintiffs were injured and their mother was killed.

To assist the court in determining liability as between the defendant and the impleaded defendants, there were submitted to the court insurance policies and other documents. The stipulation was spread upon the record in a series of statements by counsel for the respective parties. It was never embodied in a writing, other than the transcript of the court's minutes. Nowhere in the minutes or in the stipulation is there any reference to Security's affirmative defenses of lack of jurisdiction, personal or otherwise, including in rem or quasi in rem jurisdiction premised upon the *Seider* attachment. No motion was made by Security to dismiss for lack of jurisdiction. However, it is plain that at the time the stipulation was entered into, and at the time of Justice GREENFIELD's decision and entry of judgment thereon, the state of the law was that such motion would have had to be denied.

■ On the basis of the stipulation and the various documents submitted to him, Justice GREENFIELD properly determined that Security was liable to indemnify Hystron for the $450,000 to be paid in settlement of the action. He further proceeded to consider the fourth-party action and a stipulated fifth-party action.* We are agreed that they were properly dismissed because no jurisdiction had been obtained over the fourth- or fifth-party defendants. At best, the fourth-party action was based upon a *Seider* attachment

---

*So far as appears, there was no formal commencement of a fifth-party action. In the oral stipulation on the record, counsel for Hystron referred to such a proposed action "as though it has already been pleaded" on behalf of the public administrator, as fifth-party plaintiff, along with Hystron and Aetna "as intervenors", by way of a "supplemental complaint" against Security, calling for production of pertinent insurance policies and indemnification for litigation expenses suffered by the estate of Greer. This would have the effect of casting Greer's liability, if any, back onto Security instead of Hystron's insurer (Aetna) by seeking to enforce Security's obligation under its contract to provide insurance for all vehicles used in its business. However, the judgment presented for settlement and signed and entered at Trial Term described the fifth-party action as one by the public administrator against Hystron and Aetna. In any event, the fifth-party action was dismissed, as it should have been, under whatever guise.

to which Security, as a nonresident, was not entitled *(Donawitz v Danek,* 42 NY2d 138). Hence the fifth-party action must also fail for lack of jurisdiction. However, in dismissing those complaints without prejudice to the institution of actions in another appropriate jurisdiction, the court purported to limit the possible liability of Aetna under its policy with Hystron. Such purported limitation was incorporated in the judgment appealed from. We do not reach or pass upon the merits of such limitation. Since the actions were properly dismissed for lack of jurisdiction, the purported attempt to circumscribe the liability of Aetna or anyone else was legally without foundation.

The court could not find that it had no jurisdiction over the defendants in these actions and at the same time circumscribe their liability.

The judgment was entered on August 7, 1979. On January 21, 1980, while the appeal was pending, the United States Supreme Court decided *Rush v Savchuk (supra).* Hence, on this appeal Security urges that the judgment against it must be reversed because the *Seider* attachment did not confer jurisdiction over Security, the nonresident third-party defendant "with which the state has no contacts, ties, or relations." *(International Shoe Co. v Washington,* 326 US 310, 319.)

We have held that where in its answer the defendant affirmatively asserted the defense of lack of jurisdiction because it was obtained solely on the basis of a *Seider* attachment, and the action was pending at the time of the decision in *Rush v Savchuk (supra),* the action must be dismissed for lack of jurisdiction *(Gager v White,* 78 AD2d 617).

The issue for our determination is whether Security waived the jurisdictional defense by virtue of the stipulation settling the action with the plaintiff, and by submitting to the court the determination as to whether the liability to pay such settlement was to be imposed upon Security by reason of its alleged obligation to indemnify Hystron. We have concluded that under the circumstances of this case there was such a waiver.

The law is well settled that where jurisdiction over the subject matter exists and jurisdiction over the person of the

defendant was not constitutionally or otherwise properly obtained, the defendant may waive the defense by appearance, by failure to plead such defense, by failure to move to dismiss upon such basis, or by stipulation. There was no express stipulation of waiver here. However, the form of the stipulation plainly indicated that there was no intent to preserve the jurisdictional issue. It is urged that an attempt to preserve the issue would have been futile because the state of the law at the time was such that the court would be required to hold that jurisdiction had attached *(Baden v Staples,* 45 NY2d 889). This is beside the point. It is manifest that the parties wished to settle the case and were waiving any challenge to the court's jurisdiction.

The parties stipulated to the entry of judgment upon the court's determination based on the contract, certificate of insurance and insurance policies specified in the stipulation as to which party should pay the agreed settlement. By so doing, Security voluntarily submitted itself to the jurisdiction of the court and the entry of judgment. Having done so, it waived objection to the jurisdiction of the court *(People ex rel. Herman v Lebovits,* 66 Misc 2d 830). Hystron paid the judgment in reliance upon the stipulation of settlement. Where a defendant evinces an intention to make the court his own forum, he waives the jurisdictional objection even though it has been pleaded, as authorized by CPLR 3211 (subd [a], par 8). (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3211:60, p 63; see *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, app dsmd 47 NY2d 951.)

Security's stipulation made the court its own forum. In pertinent part it agreed that "the ultimate determination as to whether said sums shall be paid by Hystron Fibers, Inc. and/or its insurance carrier, Aetna Life and Casualty Company, or Security Forces, Incorporated and/or its carriers, Security Insurance Company of Hartford" or by anyone else was to be made by Justice GREENFIELD without a jury. It agreed that there would be "submitted to the Court" the insurance policies of Hystron and Security and the indemnity agreement between Hystron and Security. There was a clear submission of a stipulation of settlement empowering the court to make a determination of the limited

issue. This was a plain submission to the jurisdiction of the court, without reservation.

There was not a trial preserving the pleaded defenses but, rather, a stipulation of settlement to be implemented by the court's decision on a precisely limited issue, without reserving the jurisdictional defense. As stated in *People ex rel. Smoake v Morrow* (58 Misc 2d 266, 270): "If the court * * * lacks jurisdiction of the person of a party, it may obtain the latter by said party's consent or stipulation submitting to such jurisdiction or by subjecting himself to said jurisdiction [citing cases]."

A "party may by agreement consent to the jurisdiction of a court which would not otherwise have authority over him" *(Matter of Bauer [MVAIC]*, 31 AD2d 239, 241; see *Gilbert v Burnstine*, 255 NY 348). Where the parties enter into a stipulation recorded in the minutes of the court, the settlement agreement terminates all of the claims of the parties theretofore made in the action, and the agreement becomes enforceable as a contract binding on all the parties thereto *(Langlois v Langlois*, 5 AD2d 75, 78). "Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights." *(Matter of New York, Lackawanna & Western R.R. Co.*, 98 N.Y. 447, 453.)

When they so stipulate or acquiesce, and agree that judgment may be entered, they are bound by such judgment *(Matter of Malloy*, 278 NY 429, 432-433). The parties may by stipulation or acquiescence take an issue out of the case *(Cullen v Naples*, 31 NY2d 818, 820). Once they have done so, the issue is no longer in the case. As the court stated in *Cullen v Naples* (31 NY2d, at p 820): "The parties to a lawsuit are free to chart their own course at the trial *(Stevenson v. News Syndicate Co.*, 302 N. Y. 81) and may fashion the basis upon which a particular controversy will be resolved *(Mann v. Simpson & Co.*, 286 N. Y. 450, 459; *Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 452, 453; see, generally, *Ferrante Equip. Co., v. Lasker-Goldman Corp.*, 26 N Y 2d 280, 282-283)."

Even though there was no express language to that effect, the stipulation here took the issue of jurisdiction over Security out of the case. That issue is not available to Security on this appeal.

The judgment, Supreme Court, New York County (GREENFIELD, J.), entered August 7, 1979, which adjudged third-party defendant Security Forces, Inc. liable to third-party plaintiff Hystron Fibers, Inc. for $450,000 plus interest, and which dismissed the fourth-party impleader action brought by Security and a fifth-party impleader action without prejudice to such actions in another appropriate jurisdiction but with certain substantive limitations upon such actions, should be modified on the law to delete from the judgment the limitations imposed on future actions derived from the fourth- and fifth-party actions, and otherwise affirmed without costs.

SANDLER, ROSS, MARKEWICH and LUPIANO, JJ., concur.

Judgment, Supreme Court, New York County, entered on August 7, 1979, modified, on the law, to delete from the judgment the limitations imposed on future actions derived from the fourth- and fifth-party actions, and otherwise affirmed, without costs and without disbursements.