■ In the Matter of MANUFACTURERS HANOVER TRUST COMPANY, Respondent, v JUAN C. PORCELLI et al., Appellants.—In a proceeding pursuant to CPLR 5206 (e) to enforce the lien of a judgment on a homestead in which the real property has a value in excess of $10,000, the appeal is from an order of the Supreme Court, Westchester County (Owen, J.), dated June 18, 1985, which denied the appellants' motion to vacate the underlying default judgment against them. The appeal brings up for review so much of an order of the same court dated

August 26, 1985, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Appeal from the order dated June 18, 1985, dismissed. That order was superseded by the order dated August 26, 1985, made upon reargument.

Order dated August 26, 1985, affirmed insofar as reviewed.

The petitioner is awarded one bill of costs.

The appellants did not answer the petition in this proceeding. Instead, they moved by order to show cause to set aside the underlying judgment on the ground that in personam jurisdiction had not been obtained over them.

In opposition, the petitioner, among other things, contended that by entering into a stipulation of settlement, the appellants had waived their jurisdictional objections. By order dated July 30, 1984, the Supreme Court, Westchester County (Walsh, J.), denied the petitioner's application for relief, with leave to renew after a traverse hearing was held to determine whether jurisdiction had been obtained.

The petitioner appealed from this order without obtaining permission, and this court dismissed the appeal on the ground that "[t]he order appealed from in essence merely directs a judicial hearing to aid in the disposition of a motion" (Matter of Manufacturers Hanover Trust Co. v Porcelli, 111 AD2d 175). In their papers submitted in connection with that appeal, the appellants argued that the issue of waiver should be decided after the traverse hearing. Such a hearing was subsequently conducted by Justice Owen on June 13, 1985. In his decision and order, Justice Owen held that by stipulating to settle the action, the appellants had waived their affirmative defense of lack of personal jurisdiction.

The appellants now contend that Justice Walsh, by ordering the traverse hearing, had implicitly held that they had not waived their objection to the alleged jurisdictional defects. Therefore, the appellants concluded that the law of the case doctrine precluded Justice Owen from considering this issue (cf. Martin v City of Cohoes, 37 NY2d 162; Holloway v Cha Cha Laundry, 97 AD2d 385). We disagree. Equally consistent with Justice Walsh's ruling is the conclusion that prior to reaching the issue of waiver, a determination should be made as to whether there were in fact jurisdictional defects, and, thus, the waiver issue remained in the case. "The parties to a lawsuit are free to chart their own course at the trial * * * and may fashion the basis upon which a particular controversy will be resolved" (Cullen v Naples, 31 NY2d 818, 820).

From the arguments made by the appellants when the prior appeal was pending in this court and from a colloquy occurring in open court at the traverse hearing, the parties clearly indicated that the issue of whether the appellants had waived their jurisdictional objections was still in the case. Therefore, contrary to the appellants' contention, the law of the case doctrine did not preclude Justice Owen from ruling on this issue.

What is more, we find that Special Term correctly held that by entering into a stipulation settling the underlying action, the appellants waived any objections they had to the alleged defective service (see, Biener v Hystron Fibers, 78 AD2d 162). Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.