■ ZALMAN DEITSCH, Respondent, v DAVID FISCHER, Appellant. [651 NYS2d 205] —In an action, *inter alia,* for partition of a parcel of real property, the defendant appeals, as limited by his brief, from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Kings County (G. Aronin, J.), dated February 5, 1996, as denied his request for a hearing on the issue of whether he was properly served with the summons and complaint.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report whether the defendant was properly served with the summons and complaint, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

We agree with the defendant's contention that the Supreme Court should have held a hearing to determine whether the defendant was properly served with process in this action. By asserting an affirmative defense of lack of personal jurisdiction in his answer, the defendant elected to delay resolution of the issue until trial (*see, McNeely v Harrison,* 208 AD2d 909; *Claerbaut v East Long Is. Hosp.,* 117 AD2d 772). Contrary to the plaintiff's contention, the defendant did not impliedly waive the objection by stipulating to resolve the action before a religious tribunal (*cf., Matter of Manufacturers Hanover Trust Co. v Porcelli,* 121 AD2d 384; *Biener v Hystron Fibers,* 78 AD2d 162). To the contrary, the record makes it clear that the issue of personal jurisdiction was specifically among the issues to be resolved by that tribunal, and therefore remained unresolved when the tribunal did not convene and the matter reverted to the court for trial.

We note that the recent amendment to CPLR 3211 (e) (L 1996, ch 501) does not apply here. Bracken, J. P., Copertino, Altman and McGinity, JJ., concur.