■ KENNETH LOMANDO, Appellant, v JAMES DUNCAN, Respondent. [684 NYS2d 569] —In an action to recover on a loan, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 16, 1997, which, after a hearing to determine the validity of service of process, granted the defendant's motion to vacate a judgment entered upon his default in answering. The appeal brings up for review

so much of an order of the same court, dated January 15, 1998, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated September 16, 1997, is dismissed, as that order was superseded by the order dated January 15, 1998, made upon reargument; and it is further,

Ordered that the order dated January 15, 1998, is reversed insofar as reviewed, on the law, the order dated September 16, 1997, is vacated, the defendant's motion is denied, and the judgment is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff obtained a judgment in the principal sum of $18,550 after the defendant defaulted in appearing. The defendant subsequently moved to vacate the judgment on the ground of lack of personal jurisdiction. After a hearing to determine the validity of service of process, the Supreme Court granted the defendant's motion.

The record indicates, however, that prior to making his motion to vacate the judgment, the defendant tendered payment in the amount of $10,000 in partial satisfaction of the judgment, in order to secure a release of a lien on certain real property he owned. In consideration for the $10,000 payment, the plaintiff executed a partial satisfaction of judgment and a release of the lien on the property in question.

A defect in personal jurisdiction may be waived (*see, e.g.,* CPLR 3211 [e]; *Textile Technology Exch. v Davis,* 81 NY2d 56; *Revona Realty Corp. v Wasserman,* 4 AD2d 444, 448), where a party submits to the court's jurisdiction by, *inter alia,* stipulating to settle an action (*see, Matter of Manufacturers Hanover Trust Co. v Porcelli,* 121 AD2d 384; *Biener v Hystron Fibers,* 78 AD2d 162, 167). Here, the defendant's partial satisfaction of the judgment against him in order to obtain a release of the lien on his real property amounted to a partial settlement of the action which impliedly acknowledged the validity of the judgment. Accordingly, the defendant consented to the court's jurisdiction over him and waived any jurisdictional objection (*see, Matter of Manufacturers Hanover Trust Co. v Porcelli, supra*; *Biener v Hystron Fibers, supra*; *see also, Star Credit Corp. v Ingram,* 71 Misc 2d 787; *cf., Hamm v Hall,* 693 So 2d 906 [Miss]). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.