WHITE HOUSE MANOR, LTD., Plaintiff, v ROSE ELLEN BENJAMIN et al., Respondents. KOREAN PRESBYTERIAN CHURCH, Nonparty Appellant. [839 NYS2d 550]—

In an action, inter alia, to recover damages for unjust enrichment, nonparty Korean Presbyterian Church appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 15, 2006, as, upon an order of the same court entered February 7, 2006, inter alia, granting the cross motion the defendants Rose Ellen Benjamin, Joan C. Levy, and Jerald Jay Levy, among other things, in effect, for summary judgment declaring that it breached a contract for the sale of real property dated August 6, 1999, as amended May 4, 2003, and a stipulation of settlement dated June 4, 2003, is in favor of the defendants Rose Ellen Benjamin, Joan C. Levy, and Jerald Jay Levy, and against it declaring that it breached the contract for the sale of real property dated August 6, 1999, as amended May 1, 2003, and the stipulation of settlement dated June 4, 2003.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

A defect in personal jurisdiction may be waived where a party submits to the court's jurisdiction by stipulating to settle an action (*see Matter of Parkside Ltd. Liab. Co.,* 294 AD2d 582, 583 [2002]; *Lomando v Duncan,* 257 AD2d 649, 650 [1999]; *Matter of Manufacturers Hanover Trust Co. v Porcelli,* 121 AD2d 384, 385 [1986]; *Biener v Hystron Fibers,* 78 AD2d 162, 167 [1980]). Where a settlement agreement does not unequivocally terminate the action, the court retains further jurisdiction to supervise and enforce the terms of the agreement (*see Teitelbaum Holdings v Gold,* 48 NY2d 51, 53 [1979]; *Markovits v Mitrany,* 12 AD3d 574 [2004]). Here, contrary to the appellant's contention, the Supreme Court properly exercised its jurisdiction to enforce the terms of the subject stipulation of settlement to which the appellant was a signatory. The appellant's status as a nonparty contract vendee did not require the parties to seek enforcement of the settlement by plenary action (*see Berrian v McCombs,* 280 AD2d 442 [2001]).

The appellant's remaining contentions are without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.