■ CALDEROCK JOINT VENTURES, L.P., Respondent, v BETHLEHEM MITIKU et al., Defendants, and BENYAM MITIKU, Appellant. [848 NYS2d 36]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 17, 2006, which, inter alia, denied defendant Benyam Mitiku's motion to vacate a deficiency judgment, unanimously affirmed, without costs.

Twelve years after failing to answer or appear in the underlying mortgage foreclosure action, which resulted in a deficiency judgment and a wage garnishment order against him, appellant made a motion under CPLR 5015 (a) (4) to vacate the judgment, alleging that service of process of the 1994 summons and complaint had not been properly effectuated in accordance with the "nail and mail" provision of CPLR 308 (4). Finding the record "replete with evidence of [appellant's] lack of good faith and failure to timely assert his rights," the court declined to exercise its discretion to vacate the judgment. We affirm, but for different reasons.

A court's discretionary power under CPLR 5015 (a) to relieve a party from a judgment should not be exercised where "the moving party has demonstrated a lack of good faith, or been dilatory in asserting its rights" (*Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 452 [1987]). Appellant argues that where relief is sought under CPLR 5015 (a) (4) from a judgment that is void for lack of jurisdiction, there is no specified time limitation and no issue of discretion arises; a judgment or order granted in the absence of jurisdiction is a nullity that should be set aside unconditionally. Whatever the merit to this argument, such motion fails nonetheless because appellant has waived any objection to the court's jurisdiction over him by making payments on the deficiency judgment under the wage garnishment order for over a year before bringing this motion to vacate (*see Lomando v Duncan*, 257 AD2d 649 [1999]). Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.