Order, Supreme Court, New York County (Richard F. Braun, J.), entered February 2, 2009, which granted defendant Mamalakis’s motion to vacate a default judgment, directed plaintiff to restore any amounts taken from her checking account, and dismissed this action against her, unanimously affirmed, with costs.
In moving to vacate the judgment, Mamalakis alleged that process was not properly served in accordance with the “nail and mail” provision of CPLR 308 (4). After a traverse hearing, the court vacated the judgment and dismissed this action (see *607 NYCTL 2004-A Trust v Faysal, 62 AD3d 409 [2009]) after determining that service had been attempted at an address where Mamalakis did not reside.
Plaintiff argues that in appropriate circumstances defendant may be deemed to have waived her jurisdictional objections, but such circumstances are not present here. Plaintiffs reliance on Calderock Joint Ventures, L.P. v Mitiku (45 AD3d 452 [2007]) and Lomando v Duncan (257 AD2d 649 [1999]) is misplaced, as the defendants in those cases either explicitly or implicitly participated in the action, thus acknowledging the validity of the judgment, or demonstrated a lack of good faith or delay in asserting their rights.
Here, there is no suggestion that Mamalakis ever acknowledged the validity of the judgment. She only learned of it when her bank account was levied upon. Some 7 to 10 months later, when she allegedly learned that plaintiff was seeking to make a further collection, Mamalakis obtained counsel and moved to vacate the judgment. There is no indication in the record that she demonstrated a lack of good faith, or was otherwise dilatory in asserting her rights. Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.