■ CADLEROCK JOINT VENTURE, L.P., Appellant, v MARCUS KIERSTEDT, Respondent. [990 NYS2d 522]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), entered November 13, 2012, which, after a hearing to determine the validity of service of process, granted the defendant's motion to vacate a judgment of the same court entered May 5, 2010, against him in the sum of $162,447.02, upon his default in appearing or answering, and thereupon directed the dismissal of the complaint.

Ordered that the order is affirmed, with costs.

On September 8, 2006, the defendant executed a promissory note in the principal sum of $153,800 and a second mortgage on certain property located in Brooklyn. Thereafter, the mortgage and note were assigned to the plaintiff Cadlerock Joint Venture, L.P. (hereinafter Cadlerock). In February 2009, Cadlerock and the defendant entered into a written loan modification agreement.

On January 28, 2010, Cadlerock commenced the instant action to recover $160,490.15 on the promissory note. In March 2010, the defendant purportedly was served with process pursuant to the method described in CPLR 308 (4), commonly known as "affix-and-mail" service. On May 5, 2010, a judgment was entered against the defendant in the sum of $162,447.02, upon his default in appearing or answering. Cadlerock sought to enforce the judgment by means of a wage garnishment, beginning on October 1, 2010.

By order to show cause dated October 19, 2010, the defendant, appearing pro se, moved to vacate the default judgment, claiming he was not properly served with process and did not

receive notice of the commencement of the action prior to learning of the entry of the default judgment. In opposition, Cadlerock contended that the defendant waived the defense of lack of personal jurisdiction by attempting to settle the action with respect to his obligations under the note for the period of time between the date when he learned of the entry of the default judgment and the date when he moved to vacate the default judgment.

After a hearing to determine the validity of service of process, the Supreme Court found that the "process server was not credible in his testimony of due diligence since he failed to put his attempts [at service] into his log book." The Supreme Court noted that the process server was unable even to describe the sex of a neighbor of the defendant who allegedly verified that the defendant lived at 173 Pulaski Street in Brooklyn, and did not enter a description of that neighbor in his notes, although there were spaces on his work ticket and the blank affidavit of service form where a description could have been entered. The court further found that the defendant did not waive his defense of lack of personal jurisdiction by making voluntary installment payments on the loan, and attempting to settle the dispute with the plaintiff in connection with the loan. The Supreme Court vacated the default judgment, and directed the dismissal of the complaint for lack of personal jurisdiction (*see Cadlerock Joint Venture, LP v Kierstedt*, 37 Misc 3d 1212[A] [2010]).

A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss (*see Taveras v City of New York*, 108 AD3d 614, 617 [2013]; *Frederic v Israel*, 104 AD3d 909, 910 [2013]). A defendant may also waive lack of personal jurisdiction by entering into a stipulation of settlement of the action (*see Matter of Parkside Ltd. Liab. Co.*, 294 AD2d 582, 583-584 [2002]; *Lomando v Duncan*, 257 AD2d 649 [1999]). Additionally, a defendant may waive lack of personal jurisdiction by making payments pursuant to a judgment or wage garnishment for a substantial period of time (*see Calderock Joint Ventures, L.P. v Mitiku*, 45 AD3d 452, 453 [2007]). However, where the defendant's only participation in the action is the submission of a motion to vacate a default judgment for lack of personal jurisdiction, the defense of lack of personal jurisdiction is not waived (*see HSBC Bank USA, N.A. v A&R Trucking Co., Inc.*, 66 AD3d 606, 607 [2009]).

In the instant case, the defendant's first participation in the action was the submission of a motion to dismiss the complaint

for lack of personal jurisdiction, made within one month of the effective date of the wage garnishment. Although the parties executed a loan modification agreement in 2009, that was accomplished prior to the commencement of the action. The fact that the defendant continued to make installment payments on the loan during the pendency of the action did not constitute a waiver of the defense of lack of personal jurisdiction, since those payments were made pursuant to the loan agreement, not a stipulation entered into in the instant action. Indeed, no stipulation was ever entered into in the instant action.

Service of process pursuant to the affix-and-mail provisions of CPLR 308 (4) is only permitted where service by personal delivery under CPLR 308 (1) or by delivery to a person of suitable age and discretion and a subsequent mailing pursuant to CPLR 308 (2) "cannot be made with due diligence" (CPLR 308 [4]). " 'For the purpose of satisfying the due diligence requirement of CPLR 308 (4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment' " (*Serraro v Staropoli*, 94 AD3d 1083, 1085 [2012], quoting *Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]). The process server's testimony that he inquired as to the defendant's whereabouts from a neighbor was not credible, since he was unable to provide any description of the neighbor—even a description of the neighbor's sex. The affidavit of service referred to the "person spoken to," but provided no further description, although spaces were provided to insert the person's sex, skin color, hair color, approximate age, height, and weight.

The determination of the hearing court as to the credibility of the process server should not be disturbed since the hearing court had the advantage of seeing and listening to that witness. Moreover, the determination of the hearing court that service of process pursuant to CPLR 308 (4) was invalid should not be disturbed where, as here, it is warranted by the facts (*see HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 663-664 [2014]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.