Matter of Smith v Murphy (2018 NY Slip Op 03845)





Matter of Smith v Murphy


2018 NY Slip Op 03845


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-07429
 (Docket No. P-29291-03)

[*1]In the Matter of Ivan Smith, appellant, 
v
Monique Murphy, respondent.


Larry Bachner, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Kings County (Judith Waksberg, J.), dated June 12, 2017. The order denied the father's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate, for lack of personal jurisdiction, a child support order of the same court dated February 13, 2004, upon his default, and the arrears arising from it, and pursuant to CPLR 3211(a)(8) to dismiss so much of a petition filed by the mother as sought an order of child support for lack of personal jurisdiction.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the unmarried parents of one child. The father was required to pay child support pursuant to an order made upon his default on February 13, 2004. In 2013, the father filed a petition to modify the child support order. In April 2016, the father moved, in effect, inter alia, to vacate the child support order for lack of personal jurisdiction, alleging, among other things, that he was not served with notice of the child support proceedings. The Family Court held a hearing to determine the validity of service of process and determined that the mother failed to satisfy her burden of proving proper service. The court, however, denied the father's motion to vacate the child support order, concluding that he waived the defense of lack of personal jurisdiction by seeking to modify that order. The father appeals.
Contrary to the father's contention, the Family Court properly denied that branch of his motion which was to vacate the child support order. By seeking to modify the order without contesting service, the father acknowledged the validity of the order, consented to the court's jurisdiction over him, and waived any jurisdictional objection (see CPLR 3211[e]; Casey v Casey, 39 AD3d 579, 580; Lomando v Duncan, 257 AD2d 649, 650; Revona Realty Corp. v Wasserman, 4 AD2d 444, 448; see also Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452, 453). Moreover, vacating the order would not serve the public policy in favor of resolving actions on their merits, since the child has reached the age of 21, and the father has been dilatory in asserting his rights (see generally Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d at 453).
The father's remaining contentions are either without merit or need not be considered in light of our determination.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court