Chase Bank USA, N.A., Respondent,
against
Marc Schwartz, Appellant.




Law Office of Joseph J. Schwartz, P.C. (Joseph J. Schwartz of counsel), for appellant.
Maidenbaum & Associates, P.L.L.C. (Jeffrey A. Maidenbaum of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered August 31, 2016. The order denied defendant's motion to vacate a judgment of that court entered January 9, 2007 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for breach of a credit card agreement, the affidavit of service states that defendant was served with the summons and complaint on September 25, 2006 by service upon a person of suitable age and discretion at defendant's dwelling place, located at 1123 E. 24th Street, Brooklyn, NY, and by mailing the summons and complaint to that address. Upon defendant's failure to appear or answer the complaint, a default judgment was entered against defendant on January 9, 2007 in the principal sum of $9,854.02. In May 2016, defendant moved to vacate the default judgment, alleging that he had not been served (see CPLR 5015 [a] [4]). In opposition to the motion, plaintiff argued that defendant had knowledge of the judgment as his bank account had been levied upon in 2008 resulting in plaintiff recovering $6,000 as partial satisfaction of the judgment, and defendant had sent plaintiff's attorney a letter shortly thereafter offering to pay an additional amount in full satisfaction of the judgment. The letter was annexed to plaintiff's motion papers. Plaintiff argued that defendant had waived his jurisdictional defenses since he had waited more than seven years after learning of the default [*2]judgment before moving to vacate it. The Civil Court denied defendant's motion.
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss. Additionally, a defendant may waive lack of personal jurisdiction by making payments pursuant to a judgment or wage garnishment for a substantial period of time" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628 [2014] [citations omitted]). 
Defendant failed to establish a basis for vacating the default judgment upon the ground of lack of personal jurisdiction (CPLR 5015 [a] [4]). His claim that he did not learn of the judgment until 2016, when he received a notice from his bank, is not supported by the evidence. The documentary evidence submitted by plaintiff in opposition to the motion established that defendant knew that his bank account had been levied upon in 2008. Consequently, defendant waived the defense of lack of personal jurisdiction by waiting more than seven years before making the motion to vacate (see Condor Capital Corp. v Delva, 50 Misc 3d 138[A], 2016 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Cach, LLC v Anderson, 48 Misc 3d 136[A], 2015 NY Slip Op 51132[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018