Eastern Sav. Bank, FSB v Campbell (2018 NY Slip Op 08465)





Eastern Sav. Bank, FSB v Campbell


2018 NY Slip Op 08465


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-01737
 (Index No. 16781/09)

[*1]Eastern Savings Bank, FSB, plaintiff-appellant,
v
Loretta Campbell, et al., respondents, et al., defendants; 326 Troy Realty, LLC, intervenor- defendant-appellant.


Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Michael V. Capellupo of counsel), for plaintiff-appellant.
Weiss, Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Floyd G. Grossman of counsel), for intervenor-defendant-appellant.
Edward Harold King, PLLC, Brooklyn, NY, for respondent Loretta Campbell.
Yolande I. Nicholson, PLLC, Brooklyn, NY, for respondent Otis Parker.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff and the intervenor defendant separately appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated January 13, 2016. The order granted the motion of the defendant Loretta Campbell to vacate a judgment of foreclosure and sale dated December 15, 2011, issued upon her failure to appear or answer the complaint, and to vacate the subsequent foreclosure sale, the order of reference, the referee's deed, and the settlement of a deficiency judgment entered against her, and granted that branch of the separate motion of the defendant Otis Parker which was to vacate the judgment of foreclosure and sale as to him, entered upon his failure to appear or answer the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Loretta Campbell and substituting therefor a provision denying her motion; as so modified, the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the intervenor-defendant payable by the defendant Loretta Campbell, and one bill of costs is awarded to the defendant Otis Parker, payable by the plaintiff and the intervenor-defendant.
The defendant Loretta Campbell obtained a loan from the plaintiff in September 2007, secured by a mortgage against real property owned by Campbell at 326 Troy Avenue in Brooklyn. That property was improved by a mixed-use building with a storefront on the first floor and two apartments on the second floor. The defendant Otis Parker lived in one of the apartments pursuant to an arrangement with Campbell. On July 7, 2009, the plaintiff commenced this mortgage foreclosure action against, among others, Campbell and Parker (hereinafter together the defendants). Neither Campbell nor Parker answered the complaint or moved by pre-answer motion to dismiss the [*2]complaint. On December 15, 2011, the Supreme Court ratified a referee's report and entered a judgment of foreclosure and sale on default. On April 19, 2012, the subject property was sold at an auction to the plaintiff, which thereafter sold the subject property to 326 Troy Realty, LLC (hereinafter the intervenor). The plaintiff obtained a deficiency judgment against Campbell in December 17, 2012. The amount of the deficiency judgment, including statutory interest and fees, was $223,730.99. The deficiency judgment was not based on the auction price, which was nominal, but on the fair market value on the date of the auction sale, which was set forth in the deficiency judgment.
In January 2013, Parker moved to vacate the judgment of foreclosure and sale and the subsequent foreclosure sale as to him. Two years later, in February 2015, while Parker's motion was still pending, Campbell, who had settled the deficiency judgment in February 2013 by making payment in the sum of $158,700.09, significantly less than the total amount of that judgment, moved to vacate the judgment of foreclosure and sale as to her, the order of reference, the foreclosure sale, the settlement of the deficiency judgment, and the referee's deed, on the ground of, inter alia, lack of personal jurisdiction. Following a hearing to determine the propriety of service of process as to the defendants, the Supreme Court held that the plaintiff failed to prove by a preponderance of the evidence that service had been effected on the defendants. Further, the court rejected arguments by the plaintiff and intervenor (hereinafter together the appellants) that each of the defendants had waived the issue of personal jurisdiction.
The plaintiff has the burden of proving the court's personal jurisdiction over a defendant (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is sufficient, prima facie, to establish jurisdiction. Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886). Here, the plaintiff failed to prove by a preponderance of the evidence that jurisdiction over Parker and Campbell was obtained by proper service of process (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787; HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664).
Where personal jurisdiction has not been obtained by proper service of process, a "defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847). A defendant appears formally in an action "by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320[a]). A defendant "may appear informally by actively litigating the action before the court" (Taveras v City of New York, 108 AD3d 614, 617). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (id. at 617; see Jaramillo v Asconcio, 151 AD3d 947, 949).
Here, Parker presented papers pro se in 2012 in the form of a motion, by order to show cause, for a stay of the foreclosure sale. However, Parker abandoned this pro se attempt to obtain a stay even before he obtained a signature on the order to show cause or a return date. We agree with the Supreme Court's determination that, under these circumstances, Parker did not, merely by presenting papers, participate in the action and thereby waive the defense of lack of personal jurisdiction (cf. Taveras v City of New York, 108 AD3d at 617).
A defect in personal jurisdiction may also be waived when a party stipulates to settling an action or makes payments on a judgment (see Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452, 453; cf. Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d at 628). Although a court has control over stipulations and has the power to relieve a party from the terms of a stipulation, that power is not unlimited. "Where both parties can be restored to substantially their [*3]former position the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (Matter of Frutiger, 29 NY2d 143, 150 [internal quotation marks omitted]). Further, "[o]nly where there is a legally sufficient cause to invalidate a contractual obligation, such as where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake, or accident, will a party be relieved from the consequences of the bargain struck with the stipulation" (Rogers v Malik, 126 AD3d 874, 875).
Here, in vacating the settlement of the deficiency judgment "in the interests of justice," the Supreme Court incorrectly determined that Campbell was not represented by counsel. In fact, Campbell was represented by counsel when she settled and made payment on the deficiency judgment. As part of the settlement, the plaintiff agreed not to proceed in other pending foreclosure actions against Campbell. Additionally, Campbell retained the same attorney with respect to other actions arising out of the settlement. By settling the deficiency judgment, Campbell clearly submitted to the court's jurisdiction and acknowledged the validity of the judgment (see Augustin v Augustin, 79 AD3d 651, 652; Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d at 453; Lomando v Duncan, 257 AD2d 649, 650; Biener v Hystron Fibers, 78 AD2d 162, 165-166; cf. HSBC Bank USA, N.A. v A & R Trucking Co., Inc., 66 AD3d 606, 607). Therefore, we disagree with the court's determination granting Campbell's motion to vacate the judgment of foreclosure and sale, the subsequent foreclosure sale, the order of reference, the referee's deed, and the settlement of the deficiency judgment, the terms of which had been fully performed.
Contrary to the position of our dissenting colleague, a formal stipulation of settlement need not be contained in the record. Here, the terms of the settlement were contained in contemporaneous emails between the plaintiff's attorney and Campbell's attorney, and by a check in the amount on which they had agreed. Campbell does not deny that she paid the amount for which she agreed to settle the deficiency judgment. That fully performed settlement two years before Campbell moved to vacate her default effectively waived her defense that the court lacked personal jurisdiction over her (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d at 628; Lomando v Duncan, 257 AD2d at 650).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
BALKIN, J.P., AUSTIN and SGROI, JJ., concur.
BRATHWAITE NELSON, J., concurs in part and dissents in part, and votes to affirm the order appealed from, with the following memorandum:
I agree with my colleagues in the majority that the plaintiff failed to prove by a preponderance of the evidence that jurisdiction over the defendants was obtained by proper service of process (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787; HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343). The Supreme Court's determination to discredit the testimony of the process server that he personally delivered the summons and complaint to the defendants Loretta Campbell and Otis Parker was supported by the evidence adduced at the hearing to determine proper service. This evidence included the physical descriptions in the process server's logbook and affidavits of service for Campbell and Parker that differed considerably from the physical appearance of those defendants (see Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139-140), the numerous instances in the process server's logbook entries and affidavits of noncompliance with the Rules of the City of New York Department of Consumer Affairs (see 6 RCNY 2-233; Matter of Barr v Department of Consumer Affairs of City of N.Y., 70 NY2d 821, 823; Hobbins v North Star Orthopedics, PLLC, 148 AD3d at 787), and the process server's history of violations of both General Business Law § 89-cc and the above Rules, which he admitted in two consent orders settling disciplinary action by the Department of Consumer Affairs (see Matter of Barr v Department of Consumer Affairs of City of N.Y., 70 NY2d at 823; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019; Washington Mut. Bank v Holt, 113 AD3d 755, 757).
I also agree that Parker did not waive the defense of lack of personal jurisdiction. I respectfully disagree, however, that the plaintiff established that Campbell waived this defense. In September 2007, Campbell borrowed $280,000 from the plaintiff. She secured the loan with a mortgage on the subject real property, which is a mixed-use building with commercial space on the ground level and apartments above, located in the Crown Heights section of Brooklyn. Campbell allegedly defaulted on her obligation to make payments on the loan from December 2008 through April 2009, prompting this mortgage foreclosure action. After obtaining a default judgment of foreclosure and sale, the plaintiff then purchased the property at auction in April 2012 for a mere $100. The referee's schedule of computation attendant to the report of sale showed a total due to the plaintiff of approximately $568,600, which it is noted is more than twice the amount of the original loan. The plaintiff then moved for a deficiency judgment against Campbell, claiming that the fair and reasonable market value of the property was only $410,000. This value was based on a September 2011 "exterior inspection" by a licensed real estate associate. The associate described the building as being in fair condition, with two apartment units and a store located in an urban area. He did not go inside the building, yet concluded that its fair market value was only $410,000. The plaintiff, having acquired the mortgaged property at auction, then also obtained a deficiency judgment against Campbell in the amount of $223,730.99.
It is undisputed that Campbell did not appear in this action at any time prior to the entry of the deficiency judgment against her. The majority concludes that the Supreme Court erred in vacating a certain stipulation of settlement and they further conclude that, by settling the action, Campbell submitted to the court's jurisdiction and acknowledged the validity of the default judgment. In the order appealed from, the court found that Campbell entered into a postjudgment agreement with the plaintiff, but that she had no attorney for the execution of the agreement. However, Campbell asserts that there is no such stipulation in the record, and she argues that she did not enter into such an agreement with the plaintiff.
CPLR 2104 provides that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered. With respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the terms of such stipulation shall be filed by the defendant with the county clerk" (CPLR 2104). The record on this appeal is completely devoid of a writing subscribed by Campbell or her attorney or reduced to the form of an order and entered. The majority relies on an email exchange that does not meet the requirements of CPLR 2104 (see Forcelli v Gelco Corp., 109 AD3d 244, 251). Further, I disagree that the record establishes a payment of the deficiency judgment under circumstances establishing a settlement agreement and Campbell's waiver of any jurisdictional objection to the default judgment obtained against her (cf. Calderock Joint Ventures, L.P. v Bethlehem Mitiku, 45 AD3d 452, 453; Lomando v Duncan, 257 AD2d 649, 650). In the absence of evidentiary proof of such a stipulation of settlement, Campbell's motion to vacate, inter alia, the judgment of foreclosure and sale, should be granted. Accordingly, the order appealed from should be affirmed in full.
ENTER:
Aprilanne Agostino
Clerk of the Court