Platinum Recovery Services, Inc., Appellant,
against
John Reid, III, Respondent.




Maidenbaum & Associates, PLLC (Jeffrey A. Maidenbaum of counsel), for appellant.
John Reid, III, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lizette Colon, J.), entered January 22, 2018. The order granted defendant's motion to vacate a judgment of that court entered October 26, 1999 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment is denied.
Plaintiff commenced this action in 1999 to recover the principal sum of $4,937.59 for breach of a credit card agreement and upon an account stated. The affidavit of service of process states that service was effectuated in March 1999 upon a person of suitable age and discretion, pursuant to CPLR 308 (2). On October 26, 1999, a default judgment in the principal sum of $4,937.59 was entered against defendant upon his failure to appear or answer the complaint. Thereafter, from September 20, 2016 through October 27, 2017, plaintiff received payments toward the default judgment through wage garnishments. In January 2018, defendant moved to vacate the default judgment, asserting that he had been in jail at the time he had allegedly been served. By order entered January 22, 2018, the Civil Court granted the motion.
It is well settled that a defect in personal jurisdiction may be waived (see CPLR 3211 [e]; Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993]; Matter of Parkside Ltd. Liab. Co., 294 AD2d 582, 583-584 [2002]), and it has been held that a waiver may occur where payments were [*2]made pursuant to a wage garnishment for a substantial period of time (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627 [2014]; Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452 [2007] [the defendant waived the defense of personal jurisdiction by making payments on the deficiency judgment under a wage garnishment order for over one year before moving to vacate the judgment]; see West 187 St. Assoc. v Rojas, 37 Misc 3d 135[A], 2012 NY Slip Op 52110[U] [App Term, 1st Dept 2012]). Here, defendant waived his defense of lack of personal jurisdiction by virtue of payments that had been made through the garnishment of his wages, as he waited over a year after the wage garnishment had commenced before he moved to vacate the default judgment (see Cadlerock Joint Ventures, L.P. v Mitiku, 45 AD3d at 453; LR Credit 10, LLC v Parrado, 48 Misc 3d 134[A], 2015 NY Slip Op 51083[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
To the extent that defendant's motion may be treated as also having been made based on excusable default (see CPLR 5015 [a] [1]), defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132 [2016]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]). By merely alleging as his defense that he was jailed, defendant failed to establish the existence of a potentially meritorious defense to this action. 
Accordingly, the order granting defendant's motion to vacate the default judgment is reversed and the motion is denied.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019