Wilmington Sav. Fund Socy., FSB v Akitoye (2025 NY Slip Op 01973)

Wilmington Sav. Fund Socy., FSB v Akitoye

2025 NY Slip Op 01973

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-04322
 (Index No. 505699/20)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Babatunde Akitoye, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Hill Wallack, LLP, New York, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated May 19, 2022. The order denied the defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court (Richard J. Montelione, J.) dated January 27, 2021, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint, and a judgment of the same court (Richard J. Montelione, J.) entered April 19, 2021, which, upon the order dated January 27, 2021, is in favor of the plaintiff and against the defendant in the principal sum of $336,705.66.
ORDERED that the order dated May 19, 2022, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant was properly served with process pursuant to CPLR 308(2), and a new determination thereafter of his motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated January 27, 2021, and the judgment.
The plaintiff commenced this action to recover on a promissory note executed by the defendant. The defendant failed to appear or answer the complaint, and the plaintiff moved for leave to enter a default judgment against the defendant, which motion was granted by order dated January 27, 2021. A judgment was thereafter entered on April 19, 2021, in favor of the plaintiff and against the defendant in the principal sum of $336,705.66. The judgment was enforced by means of a wage garnishment order obtained by the plaintiff.
Some months after the wage garnishment order was issued, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated January 27, 2021, and the judgment and for leave to serve a late answer, asserting that he was not properly served with process. By order dated May 19, 2022, the Supreme Court denied the motion. The defendant appeals.
"[A] default must be vacated once the movant demonstrates lack of jurisdiction, such as by demonstrating lack of proper service of process" (U.S. Bank N.A. v Ming Kang Low, 200 AD3d 1092, 1093 [citation and internal quotation marks omitted]; see CPLR 5015[a][4]), and where a [*2]defendant seeking to vacate a default raises such a jurisdictional objection, that question must be resolved "before considering whether it is appropriate to grant discretionary relief" from the default (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 868).
Where, as here, "service of process is made upon a natural person pursuant to CPLR 308(2), personal jurisdiction is not acquired unless both the delivery and mailing requirements of that statute have been strictly complied with" (Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779). "Ordinarily, [a] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (id. [internal quotation marks omitted]). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (id. [internal quotation marks omitted]).
Here, the process server's affidavit indicated that the defendant was served at his residence by delivery of the summons and complaint at a particular date and time to a certain person of suitable age and discretion, followed by the required mailing, in accordance with CPLR 308(2). This constituted prima facie evidence of proper service and, as such, gave rise to a presumption of proper service (see Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779-780; American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 770).
However, the defendant's sworn denial of service and the specific facts in his affidavit, which contradicted the process server's affidavit attesting to proper delivery of the summons and complaint at the defendant's residence, warranted a hearing to determine whether the element of delivery pursuant to CPLR 308(2) was satisfied (see Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779-780; Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1160-1161; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985).
Furthermore, contrary to the plaintiff's contention, while "a defendant may waive lack of personal jurisdiction by making payments pursuant to a judgment or wage garnishment for a substantial period of time," here, the time period during which the wage garnishment order was in effect was insufficient to constitute a waiver of personal jurisdiction on the part of the defendant (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see Esgro Capital Mgt., LLC v Banks, 222 AD3d 433).
Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of his motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated January 27, 2021, and the judgment.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., GENOVESI, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court