■ PRESBYTERIAN HOSPITAL, as Assignee of WILLIAM SHAW, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action to obtain payment of a no-fault hospital bill and interest due, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Morrison, J.), dated October 31, 1990, which directed it to pay the plaintiff's counsel sanctions in the sum of $7,350 for legal fees and expenses incurred due to its unreasonable delay in the resolution of the matter, and (2) a judgment of the same court, entered November 7, 1990, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

It is within the discretion of the Supreme Court to award sanctions when a party intentionally prolongs or delays the resolution of a matter (see, 22 NYCRR 130-1.1). We agree with the Supreme Court that the defendant's conduct of asserting defenses to a no-fault claim that had already been fully litigated in arbitration served merely to delay payment of the

arbitration award. There is no merit to the defendant's contention that it was merely inadvertence that caused the delay. While it may be true that the award was not initially paid due to an oversight of a claims examiner, that does not explain the defendant's continued failure to pay the award after the plaintiff made two applications to confirm the award and commenced the instant action (see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.