■ CHEVY CHASE, F.S.B., Respondent, v ROBERT W. LANE et al., Defendants. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [716 NYS2d 110] —Lahtinen, J. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered April 28, 1999 in Saratoga County, which, *inter alia*, imposed sanctions on defendants' counsel.

Plaintiff commenced this action seeking to collect a credit card debt and counsel fees. Defendants answered with general denials and the affirmative defenses that plaintiff failed to comply with the Federal Truth in Lending Act (15 USC § 1601 *et seq.*), the Federal Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*) and Personal Property Law § 413.

Plaintiff moved for summary judgment and, in reply papers submitted in response to defendants' papers in opposition to the motion, requested the imposition of sanctions upon defendants' counsel, Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), for frivolous conduct pursuant to 22 NYCRR 130-1.1. By written decision dated April 28, 1999, Supreme Court imposed, *inter alia*, a sanction of $1,000 against Capoccia finding that the grounds asserted in opposition to plaintiff's motion "absolutely have no basis for the action in question" and had been so held in similar actions involving Capoccia before the same court, and that Capoccia's actions constituted frivolous conduct as defined in 22 NYCRR 130-1.1 (c). The record reveals that defendants have discharged Capoccia as their attorney and settled the underlying case. Capoccia now appeals from that portion of Supreme Court's order and judgment which imposed the $1,000 sanction.

The authority to impose sanctions is addressed to the discretion of a court and we will not disturb the imposition of sanctions absent an abuse of that discretion (*see, McCue v McCue*, 225 AD2d 975, 977). In light of the legion of cases before the sanctioning court and other courts rejecting as meritless Capoccia's use of the same affirmative defenses interposed here, we find no abuse of discretion in Supreme Court's imposition of its sanction against Capoccia (*see, e.g., Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639; *Gregware v Key Bank*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803).

Nor do we find any procedural defects in Supreme Court's action. Plaintiff's request for sanctions, contained in its counsel's reply affirmation dated January 25, 1999, and Supreme Court's January 26, 1999 letter to both counsel requiring appearances at oral argument of the motions scheduled on February 25, 1999 provided sufficient notice and ample opportunity to Capoccia to be heard (*see*, 22 NYCRR

130-1.1 [d]) and Supreme Court's April 28, 1999 written decision properly set forth the factors it considered in finding Capoccia's conduct frivolous (*see,* 22 NYCRR 130-1.2).

Finally, considering the entire record and mindful that the underlying case has settled and plaintiff has been paid, we decline to impose further sanctions or reimbursement to plaintiff for its legal costs for this appeal.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, with costs.