■ In the Matter of PARKSIDE LIMITED LIABILITY COMPANY. MARSHALL WEINERMAN, Respondent; EVANGELOS RENTOULIS,

Appellant; SOLOMON ABRAHAMS, Nonparty Appellant. [742 NYS2d 580] —In a proceeding pursuant to Limited Liability Company Law § 702 for the judicial dissolution of Parkside Limited Liability Company, Evangelos Rentoulis appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered July 10, 2001, as denied his motion to vacate a stipulation of settlement and to dismiss the petition, and granted the petitioner's cross motion to the extent of directing that costs be imposed against him pursuant to 22 NYCRR 130-1.1, and (2) from a supplemental order of the same court, entered September 4, 2001, which imposed costs in the sum of $6,144.89 against him; and Solomon Abrahams separately appeals, as limited by his brief, from so much of the order entered July 10, 2001, as imposed a sanction in the sum of $3,500 against him pursuant to 22 NYCRR 130-1.1.

Ordered that the order and supplemental order are affirmed, with one bill of costs to the petitioner Marshall Weinerman; and it is further,

Ordered that the appellant and his counsel, the nonparty appellant Solomon Abrahams, and counsel for the petitioner, Marshall Weinerman, are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and his counsel, the nonparty appellant, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 28, 2002; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve a copy of this decision and order upon the attorneys for the parties.

The Supreme Court correctly denied the appellant's motion to vacate the parties' stipulation of settlement. Even if there had initially been a defect regarding personal jurisdiction over the appellant, defects in the service of process, and thus defects in the commencement of a proceeding, are waived if a party appears in the proceeding without raising the objection (see CPLR 3211 [e]; *Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 720-721; *DeFilippis v Perez,* 148 AD2d 490, 491-492). Here, the appellant appeared in the proceeding by service of a responsive pleading in which he did not raise a jurisdictional objection.

Moreover, it is well settled that a defect in personal jurisdiction may be waived where a party submits to the court's juris-

diction by, among other things, stipulating to settle an action (*see Lomando v Duncan,* 257 AD2d 649, 650; *Matter of Manufacturers Hanover Trust Co. v Porcelli,* 121 AD2d 384; *Biener v Hystron Fibers,* 78 AD2d 162, 167). The appellant participated in the settlement negotiations and voluntarily settled the dispute, with the advice of counsel, and stated on the record in open court that he understood all of the terms of the settlement agreement and agreed to it freely and voluntarily. At no time during the settlement proceedings, or during the 14 months that followed, did the appellant voice an objection to the settlement agreement. Thus, the appellant acquiesced in, consented to, and is bound by the stipulation of settlement (*see Hallock v State of New York,* 64 NY2d 224, 231).

The Supreme Court providently exercised its discretion in imposing a sanction on the appellant by requiring reimbursement of the petitioner's actual expenses and a reasonable attorney's fee, and on the nonparty appellant in the form of a financial sanction payable to the Lawyers' Fund for Client Protection (*see* 22 NYCRR 130-1.1 *et seq.*; *Presbyterian Hosp. v Allstate Ins. Co.,* 188 AD2d 646; *Chevy Chase F.S.B. v Lane,* 277 AD2d 545; *McCue v McCue,* 225 AD2d 975, 977; cf. *Golden v Barker,* 223 AD2d 769, 770; *Bogan v Royal Realty Co.,* 209 AD2d 178). The arguments offered by the appellant in the Supreme Court in support of the motion to vacate the stipulation of settlement were without legal merit, and the timing of the motion supports the finding that it was made primarily to delay or prolong the litigation (*see* 22 NYCRR 130-1.1 [c] [1], [2]). Moreover, the arguments were advanced even after their lack of legal merit was apparent (*see* 22 NYCRR 130-1.1 [c]).

The appellant's and nonparty appellant's remaining contentions are without merit.

We further note that the pursuit of an appeal that so obviously lacks merit in either fact or law must be characterized as frivolous (*see Strout Realty v Mechta,* 172 AD2d 602, 602-603). The appellant and nonparty appellant fail to address pertinent law concerning, inter alia, the waiver of any alleged jurisdictional defect and the validity of the stipulation of settlement. Instead, they offer a diatribe of irrelevant and convoluted arguments against which the petitioner was again forced to defend himself, thereby incurring additional attorney's fees. Accordingly, the appellant and his counsel, the nonparty appellant Solomon Abrahams, and counsel for the petitioner, Marshall Weinerman, are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or

costs, if any, against the appellant and his counsel, the nonparty appellant, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 28, 2002. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.