HSBC Bank USA, N.A., as Indenture Trustee for the Registered Noteholders of RENAISSANCE HOME EQUITY LOAN TRUST 2006-2, Respondent, -
against
Dominique Posy, Appellant, -and- MARIE L. POSY, JESSICA COSTA, NANCY PARLOR and TANAI BURKE, Occupants.



Appeal from an order of the District Court of Nassau County, First District (Eric Bjorneby, J.), dated July 9, 2014. The order denied a motion by occupant Dominique Posy to vacate a consent final judgment of the same court (Scott Fairgrieve, J.) entered January 26, 2011.




ORDERED that the order is affirmed, without costs.
Petitioner acquired title to the subject premises, a house in Massepequa, New York, in 2008, following the entry of a Supreme Court, Nassau County, judgment of foreclosure and sale against Dominique Posy (occupant) (see HSBC Bank USA, N.A. v Posy, 98 AD3d 945, 946 [2012]; see also Posy v HSBC Bank USA, 991 F Supp 2d 422 [ED NY 2013]). In April 2010, petitioner commenced this summary proceeding, pursuant to RPAPL 713 (5), to recover possession of the premises. Occupant moved to dismiss the petition, based on an allegation of lack of personal jurisdiction. By order entered November 15, 2010, the District Court (Angelo A. Delligatti, J.) denied the motion and, on December 10, 2010, occupant entered into a "so-ordered" stipulation, pursuant to which he consented to the entry of a final judgment in favor of petitioner. A consent final judgment, awarding possession to petitioner, was entered on January 26, 2011. 
Occupant thereafter moved in the Supreme Court, Nassau County, to vacate the judgment of foreclosure and sale, and to stay this proceeding. By order entered March 29, 2011, occupant's motion was denied, and the order was affirmed by the Appellate Division (HSBC Bank USA, N.A. v Posy, 98 AD3d 945). A subsequent action brought by occupant in federal court, in which occupant sought to avoid the judgment of foreclosure and to prevent his eviction from the premises, was dismissed (Posy v HSBC Bank USA, 991 F Supp 2d 422). A warrant and a duplicate warrant of eviction were issued in February and July 2011. The warrant, however, was not executed during the pendency of the Supreme Court and federal court actions, and the sheriff returned the warrant as stale. Petitioner moved for the reissuance of the warrant of eviction. By order entered May 17, 2013, the District Court (Scott Fairgrieve, J.) granted petitioner's motion but stayed the execution of the warrant until the "final vacate date" of June 20, 2013.
In May 2014, occupant moved to vacate the consent final judgment. In a supporting affidavit, occupant reiterated that he had not initially appeared in the proceeding because neither he nor his attorney had been served, and stated that he had a good defense because petitioner had allegedly admitted that it had committed fraud. By order dated July 9, 2014, from which occupant appeals, the District Court (Eric Bjorneby, J.) denied occupant's motion on the ground that occupant had failed to set forth a meritorious defense.
The issue of personal jurisdiction had previously been litigated, and occupant thereafter [*2]consented to the entry of a final judgment of possession, by virtue of which he waived any potential jurisdictional defenses (see Michalak v Fechtel, 27 Misc 3d 140[A], 2010 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; see also Matter of Parkside Ltd. Liab. Co., 294 AD2d 582, 583 [2002]).
To the extent that occupant seeks, in effect, to vacate the stipulation of settlement, he was required to demonstrate that it was obtained by fraud, collusion, mistake or other grounds sufficient to invalidate a contract (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]), which he failed to do. To the extent that occupant seeks relief from the final judgment pursuant to CPLR 5015 (a) (3), based on petitioner's alleged fraud, since he had previously litigated that issue in the Supreme Court, Nassau County, where he had made "sweeping claims of fraud" in an unsuccessful effort to enjoin petitioner from, among other things, evicting occupant from the premises (Posy v HSBC Bank USA, N.A., Sup Ct, Nassau County, Mar. 4, 2013, Karen V. Murphy, J., index No. 12715/12), occupant was precluded, under the doctrine of res judicata, from raising the same issue, or any other claims arising out of the same transaction or series of transactions, again. Moreover, under New York's transactional analysis approach to res judicata, " [a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded' " (Dupps v Betancourt, 121 AD3d 746, 747 [2014], quoting Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168, 170-171 [1981]).
Thus, occupant failed to establish any basis for vacating either the consent final judgment or the warrant of eviction.
Accordingly, the order is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: March 13, 2017