Capital Equity Mgt., LLC v Bailey (2020 NY Slip Op 51606(U))

[*1]

Capital Equity Mgt., LLC v Bailey

2020 NY Slip Op 51606(U) [71 Misc 3d 126(A)]

Decided on November 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-317 K C

Capital Equity Management, LLC,
Appellant, 
against
John Bailey, Respondent. 

Law Office of Daniel Sully (Daniel E. Sully of counsel), for appellant.
Law Firm of Natalia Skvortsova, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam
Silvera, J.), dated October 31, 2016. The order granted defendant's motion to vacate a judgment
of that court entered June 11, 2007 upon defendant's failure to appear and answer the
complaint.

ORDERED that the order is reversed, without costs, and defendant's motion to vacate the
default judgment is denied.
Plaintiff commenced this action in 2007 to recover the principal sum of $9,683.57 for breach
of a credit card agreement and upon an account stated. The affidavit of service of process states
that service was effectuated on April 11, 2007 upon a person of suitable age and discretion,
pursuant to CPLR 308 (2). On June 11, 2007, a default judgment in the principal sum of
$9,683.57 was entered against defendant upon his failure to appear or answer the complaint.
Thereafter, a stipulation of settlement entered into by defendant and plaintiff's attorney and
filed in the Civil Court on February 7, 2008, provided, among other things, that defendant waived
jurisdiction, that the case was settled for $4,950, and that defendant agreed to pay plaintiff $75
per month. It is undisputed that defendant made six payments by check beginning in February
2008, shortly after the parties' stipulation was filed. Eight years after the default judgment was
entered, defendant moved in August 2016 to vacate the default judgment pursuant to CPLR 5015
(a) (4) on the ground of lack of jurisdiction, as he was never served with the summons and
complaint, and pursuant to CPLR 5015 (a) (1) on the ground of an excusable default. Plaintiff
opposed the motion. By order dated October 31, 2016, the Civil Court granted defendant's
motion.
When a defendant moves to vacate a default judgment pursuant to CPLR 5015 (a) (1) and (a)
(4), the court is required to resolve the CPLR 5015 (a) (4) jurisdictional question before [*2]determining whether it is appropriate to grant a discretionary
vacatur pursuant to CPLR 5015 (a) (1) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896 [2013];
Capital Equity Mgt., LLC v
Carrozza, 65 Misc 3d 153[A], 2019 NY Slip Op 51888[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]). A defendant may waive lack of personal jurisdiction by
stipulating to settle an action (see Matter of Parkside Ltd. Liab. Co., 294 AD2d 582,
583-584 [2002]) or "by making payments pursuant to a judgment . . . for a substantial period of
time" (Cadlerock Joint Venture, L.P. v
Kierstedt, 119 AD3d 627, 628 [2014]). In the case at bar, while defendant claimed that
he had "no knowledge or recollection" of signing the stipulation, he made voluntary payments to
plaintiff beginning immediately after the stipulation was filed with the Civil Court.
Consequently, the branch of defendant's motion seeking to vacate the judgment pursuant to
CPLR 5015 (a) (4) should have been denied (see Cadlerock Joint Venture, L.P., 119
AD3d at 628; Matter of Parkside Ltd. Liab. Co., 294 AD2d at 583-584).
To the extent that defendant's motion sought to vacate the default judgment pursuant to
CPLR 5015 (a) (1), defendant's conclusory statements were insufficient to constitute an
excusable default (see U.S. Bank, N.A.
v Moultrie, 186 AD3d 525 [2020]) and a potentially meritorious defense to the action
(see Matter of Hines v Baptiste, 178
AD3d 825 [2019]; Wise v Classon
Vil., L.P., 172 AD3d 1444 [2019]). Furthermore, defendant failed to provide a
reasonable excuse for his eight-year delay in moving to vacate the default judgment (see HSBC Bank USA, N.A. v Miller,
121 AD3d 1044 [2014]). Consequently, defendant also failed to demonstrate that he is
entitled to vacatur pursuant to CPLR 5015 (a) (1).
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is
denied.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 27, 2020