Thornton Ams. Holdings (U.S.), LLC v Waldron (2022 NY Slip Op
50374(U))

[*1]

Thornton Ams. Holdings (U.S.), LLC v Waldron

2022 NY Slip Op 50374(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-472 K C

Thornton Americas Holdings (U.S.), LLC,
Respondent,
against
Elton Waldron, Appellant. 

Brooklyn Bar Association Volunteer Lawyers Project, Inc., Jennifer Cook of counsel, for
appellant.
Rubin & Rothman, LLC, Aaron T. Deacon and Eric Pillischer of counsel, for respondent.

Appeal from an amended order of the Civil Court of the City of New York, Kings County
(Consuelo Mallafre Melendez, J.), entered January 16, 2020. The amended order denied
defendant's motion to vacate a judgment of that court entered June 1, 2009 upon his failure to
appear or answer the complaint and to restore the case to the calendar.

ORDERED that, on the court's own motion, the notice of appeal from the order entered
December 13, 2019 is deemed a premature notice of appeal from the amended order entered
January 16, 2020 (see CPLR 5520 [c]); and it is further,
ORDERED that the amended order is affirmed, without costs.
In this action to recover upon a credit card debt, defendant failed to appear or answer the
complaint and, on June 1, 2009, a default judgment was entered against him. Approximately 10
years later, after defendant's bank account was restrained, defendant moved, pursuant to CPLR
5015 (a) (4), to vacate the default judgment and dismiss the complaint, alleging a lack of
personal jurisdiction or, in the alternative, pursuant to CPLR 5015 (a) (1), to vacate the default
judgment based on a reasonable excuse for his default and a meritorious defense. Plaintiff
opposed defendant's motion. Defendant's appeal from an order of the Civil Court entered
December 13, 2019 denying his motion is deemed to be from an amended order entered January
[*2]16, 2020 (see CPLR 5520 [c]).
To the extent that defendant asserted a lack of personal jurisdiction as a ground for vacating
the default judgment (see CPLR 5015 [a] [4]), it is well established that a process server's
affidavit alleging proper service constitutes prima facie evidence of such service, and, in order to
rebut this showing and raise an issue of fact necessitating a traverse hearing, the party disputing
service is required to submit a sworn, factually specific denial of service (see Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d 719, 719 [2014]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Daimler Trust v Ferro, 58 Misc 3d
152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Here, plaintiff made a prima facie showing of proper service by submitting the process
server's affidavit of service, which alleged that the summons and complaint had been left with
defendant's relative, Wanda Waldron, who was a person of suitable age and discretion, at
defendant's usual place of abode and that another copy had been mailed to defendant's last known
residence (see CPLR 308 [2]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2017]; LaSalle Bank N.A. v Calle, 153 AD3d
801, 802 [2017]; Daimler Trust v Ferro, 2018 NY Slip Op 50116[U]). Defendant
admitted that he had lived at the address where service was effectuated, failed to provide
documentation to support his claim that he had moved to another address or to state when such
move had occurred, and did not deny that he had a relative named Wanda Waldron, who matched
the physical description in the process server's affidavit. Defendant's unsubstantiated denial was
insufficient to rebut the presumption of service (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 652 [2021]; McCraley v Shvartsman, 174 AD3d
795, 796 [2019]; Wells Fargo Bank,
N.A. v Christie, 83 AD3d 824, 825 [2011]) or to establish defendant's entitlement to a
traverse hearing (see HSBC Bank USA
v Archer, 173 AD3d 984, 985 [2019]; Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996 [2018]).
To be relieved of his default pursuant to CPLR 5015 (a) (1), defendant was required to
demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the
action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986];
Torres v DeJesus, 197 AD3d
1260 [2021]; Hawthorne Gardens
Owners Corp. v Jacobs, 47 Misc 3d 148[A], 2015 NY Slip Op 50822[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2015]). The determination of what constitutes a reasonable
excuse sufficient to open a default lies within the sound discretion of the motion court (see
Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety,
Inc., 21 AD3d 876, 876-877 [2005]). In this case, we find that the Civil Court did not
improvidently exercise its discretion in determining that defendant had failed to demonstrate a
reasonable excuse for his default. In light of this conclusion, we do not consider whether
defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Tlais v Cinozgumes, 189 AD3d
1293, 1294 [2020]; Lane v
Smith, 84 AD3d 746, 748 [2011]).
We reach no other issue.
Accordingly, the amended order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022