South Shore Adj. Co., LLC v Nyekan (2022 NY Slip Op 51264(U))

[*1]

South Shore Adj. Co., LLC v Nyekan

2022 NY Slip Op 51264(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through December 19,
2022; it will not be published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2019-1532 K C

South Shore Adjustment Co., LLC,
as Successor Assignee in Interest to Chase Bank, Appellant,
against
Araminta T. Nyekan, Respondent.

Morse Geller, for appellant.
Araminta T. Nyekan, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County
(Sandra E. Roper, J.), entered June 27, 2019, as amended by an order of that court
entered January 22, 2020. The order granted defendant's motion to vacate a judgment,
entered on April 22, 2010 pursuant to a stipulation of settlement, and restored the matter
to the trial calendar.

ORDERED that the order is reversed, without costs, defendant's motion to vacate the
judgment is denied, and the judgment is reinstated.
In this action for breach of a credit card agreement, after defendant answered the
complaint, denying liability, the parties entered into a so-ordered stipulation of settlement
in November 2009, pursuant to which defendant acknowledged personal service of the
summons and complaint, agreed to make monthly installment payments to plaintiff until
the balance due was paid in full, and further agreed that, in the event defendant defaulted
in making such payments, plaintiff would be entitled to enter a judgment after providing
defendant notice by "regular mail" with 10 days to cure her default. The stipulation set
forth an address for defendant. Defendant made a single payment to plaintiff's counsel
pursuant to the stipulation of settlement. The return address on the envelope containing
the payment set forth a different address from that which defendant had designated in the
stipulation of settlement. Defendant [*2]thereafter
defaulted, and, on April 22, 2010, a judgment was entered in favor of plaintiff pursuant
to the parties' stipulation of settlement.
In March 2019, plaintiff obtained an income execution against defendant. In June
2019, defendant moved by order to show cause to vacate the judgment, to restore the
case to the calendar, for leave to interpose an answer, and to vacate the income
execution. In a supporting affidavit, defendant denied service, claimed that the income
execution had constituted her first notice of the action, and said that she had "no business
with these people." Plaintiff opposed defendant's motion and annexed to its opposition
papers a copy of the parties' so-ordered stipulation of settlement, as well as copies of
10-day notices to cure which its former attorney had mailed to defendant at both the
address designated in the stipulation of settlement and the return address plaintiff had
marked on the envelope in which she had made her single payment pursuant to the
stipulation of settlement. The Civil Court granted defendant's motion.
To the extent that, in her order to show cause, defendant challenged jurisdiction
pursuant to CPLR 5015 (a) (4), "it is well established that a process server's affidavit
alleging proper service constitutes prima facie evidence of such service, and, in order to
rebut this showing and raise an issue of fact necessitating a traverse hearing, the party
disputing service is required to submit a sworn, factually specific denial of service" (Thornton Ams. Holdings [U.S.],
LLC v Waldron, 75 Misc 3d 128[A], 2022 NY Slip Op 50374[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2022]; see also Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d
719, 719 [2014]). Here, plaintiff made a prima facie showing of proper service by
submitting the process server's affidavit of service, which alleged that the summons and
complaint had been left with a person of suitable age and discretion at defendant's
dwelling place within the State of New York, followed by a mailing. Defendant's bare
and unsubstantiated denial of service was insufficient either to rebut the presumption of
service or to warrant a hearing (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 652-653
[2012]). Moreover, by omitting an objection to personal jurisdiction in the answer she
filed in person in 2009, defendant waived the defense of personal jurisdiction
(see CPLR 3211 [a] [8]; [e]; see also Iacovangelo v Shepherd, 5 NY3d 184, 185
[2005]). Furthermore, the judgment was entered pursuant to a so-ordered stipulation of
settlement, which, alone, was sufficient to establish the court's jurisdiction (see
Matter of Parkside Ltd. Liab. Co., 294 AD2d 582, 583-584 [2002]; Capital Equity Mgt., LLC v
Bailey, 71 Misc 3d 126[A], 2020 NY Slip Op 51606[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2020]), and to resolve any other of defendant's defenses
in the underlying action (see
South Shore Adj. Co., LLC v Marcia, 57 Misc 3d 151[A], 2017 NY Slip Op
51546[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). 
As defendant failed to offer any explanation for why she had failed to comply with
the stipulation of settlement or a sufficient ground for vacating it, we conclude that the
Civil Court improvidently exercised its discretion in granting defendant's motion.
Accordingly, the order is reversed, defendant's motion to vacate the judgment is
denied, and the judgment is reinstated.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022