Capital One, N.A. v Quartararo

2026 NY Slip Op 50716(U)

May 7, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Judgments—Default Judgment--Vacatur--Proper Service

Capital One, N.A., Respondent,

v

Michael G. Quartararo, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 7, 2026

2025-1177 S C

Present: : Joseph R. Conway, J.P., Timothy S. Driscoll, Maureen T. Liccione, JJ

Scott Lockwood, for appellant.
Malen & Associates, P.C. (Adam Hughes of counsel), for respondent.

Appeal from an amended order of the District Court of Suffolk County, Third District (Bronwyn M. Black-Kelly, J.), dated June 11, 2025. The amended order denied defendant's motion to vacate a judgment of that court entered February 24, 2023 upon defendant's failure to appear or answer the complaint, and, upon such vacatur, to dismiss the complaint or, in the alternative, to compel plaintiff to accept defendant's answer.

[*1]

ORDERED that the amended order is affirmed, without costs.

In this consumer credit action, plaintiff seeks to recover the principal sum of $5,221.63, which is alleged to constitute the unpaid balance on a credit card account. The affidavit of service states that plaintiff was served at his last known residence by service upon a person of suitable age and discretion, followed by a mailing to that address and the filing of the affidavit of service (see CPLR 308 [2]). Defendant failed to appear or answer the complaint, and, on February 24, 2023, a default judgment was entered against him in the principal sum of $5,221.63. In July 2024, defendant moved, pursuant to CPLR 5015 (a) (1) and (4), for an order vacating the default judgment and, upon such vacatur, dismissing the complaint based on lack of jurisdiction, or, in the alternative, permitting him to interpose a late answer. In his supporting affidavit, defendant stated that, in 2021, after taking [*2]"care of everything that was outstanding up here," he had relocated from New York to Florida, where he stayed until sometime in 2023. He said that his mother—the person "of suitable age and discretion" who had received service of the summons and complaint—had not informed him about her receipt thereof, and that he had only become aware of this action when his bank account was frozen. On this basis, defendant denied service. He also denied that he owed plaintiff any money. Defendant's affidavit was not supported by any documents.

In opposition to defendant's motion, plaintiff argued that its process server's affidavit of service demonstrated, prima facie, that the District Court had acquired personal jurisdiction over defendant. Plaintiff also provided an affidavit by its employee, who, based on her knowledge of plaintiff's procedures for creating business records and her access to plaintiff's books and records, attested that defendant had a "charged off" debt to plaintiff of $5,221.63.

In an order dated August 1, 2024, the District Court (Bronwyn M. Black-Kelly, J.) denied defendant's motion to vacate the default judgment. Upon defendant's motion, in an order dated June 11, 2025, the court amended its original order to recite the papers upon which the court had relied in deciding the motion (see CPLR 2219 [a]), but adhered to its original determination. Defendant appeals from the latter order.

The process server's affidavit constituted prima facie evidence of proper service (see Federal Natl. Mtge. Assn. v Britt, 205 AD3d 683, 684 [2022]; HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945 [2018]). Defendant's bare and unsubstantiated denial that he had lived at the address set forth on the affidavit of service when the service was allegedly made, without indicating the address where he resided at that time or providing any documentation to support his claim that he had lived in another state when the service occurred, was insufficient to rebut the presumption of proper service created by the affidavit of service (see McCraley v Shvartsman, 174 AD3d 795, 796 [2019]; Thornton Ams. Holdings [U.S.], LLC v Waldron, 75 Misc 3d 128[A], 2022 NY Slip Op 50374[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Consequently, defendant failed to establish a basis to vacate the default judgment on the ground of lack of jurisdiction (see CPLR 5015 [a] [4]).

A defendant seeking vacatur of a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (Chondrite Asset Trust v 34 Dr. Corp., 240 AD3d 657, 658 [2025]; Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132 [2016]). In this matter, defendant's affidavit, which was not supported by any documentation or other evidence, was insufficient to establish a reasonable excuse for his default (see Cappa v Mahoney, 81 Misc 3d 144[A], 2024 NY Slip Op 50192[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]). Further, defendant's conclusory affidavit was insufficient to demonstrate the existence of a potentially meritorious defense (see 402-404 Willoughby Ave. Realty, LLC v Berkowitz, 237 AD3d 1010 [2025]; Wise v Classon Vil., L.P., 172 AD3d 1444, 1446 [2019]; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 938- 939 [2018]).

We note that, under CPLR 2219 (a), a motion judge "has broad discretion in determining the level of detail" it provides in determining a motion (Charalabidis v Elnagar, 188 AD3d 44, 49 [*3][2020]), and that an order which resolves the issues raised on a motion is sufficient (see 862 Second Ave. LLC v 2 DAG Hammarskjold Plaza Condominium, 205 AD3d 447, 449 [2022]). Since the amended order resolved the issues raised on defendant's motion, its brevity, contrary to defendant's contention, did not constitute reversible error.

Accordingly, the amended order is affirmed.

CONWAY, J.P., DRISCOLL and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 7, 2026