U.S. Bank N.A. v Moultrie (2020 NY Slip Op 04421)





U.S. Bank N.A. v Moultrie


2020 NY Slip Op 04421


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-10294
 (Index No. 8689/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Eulah Moultrie, etc., appellant, et al., defendants.


Charles A. Termini, Oceanside, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bayshore, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eulah Moultrie appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 31, 2017. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered November 3, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order entered July 31, 2017, is affirmed, with costs.
In 2015, the plaintiff commenced this action against, among others, the defendant Eulah Moultrie (hereinafter the defendant) to foreclose a mortgage on certain property located in Inwood. In August 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. By stipulation, the parties agreed that the defendant would submit opposition to the plaintiff's motion "no later than October 1, 2016." The defendant failed to oppose the plaintiff's motion by that date. In an order entered November 3, 2016, the Supreme Court granted the plaintiff's unopposed motion (hereinafter the November 2016 order). The defendant subsequently moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the November 2016 order. The court denied the defendant's motion. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Nationstar Mtge., LLC v Sobel, 179 AD3d 710, 711; Santos v Penske Truck Leasing Co., 105 AD3d 1029). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]). "While law office failure' may under certain circumstances constitute a reasonable excuse for a default and thus justify the vacatur of a prior determination of the court, there must be detailed allegations of fact which explain the reason for such a failure" (Morris v Metropolitan Transp. Auth., 191 AD2d 682, 683; see Nationstar Mtge, LLC v Sobel, 179 AD3d at 711).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the November 2016 order. The defendant's unsubstantiated and conclusory assertions were insufficient to demonstrate a reasonable [*2]excuse for his default in opposing the plaintiff's motion (see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030). In light of the defendant's failure to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious opposition to the motion (see HSBC Bank USA, N.A., v Coronel, 174 AD3d 689; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court