Esgro Capital Mgt., LLC v Banks (2023 NY Slip Op 06312)

Esgro Capital Mgt., LLC v Banks

2023 NY Slip Op 06312

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 570073/22 Appeal No. 1080&M-04642 Case No. 2022-05688 

[*1]Esgro Capital Management, LLC, etc., Plaintiff-Respondent,
v
Sharae Banks, Defendant-Appellant. State of New York, Amicus Curiae, Camba Legal Services Inc., Fordham Law School Feerick Center for Social Justice, Legal Services NYC, Legal Services of the Hudson Valley, Mobilization for Justice, New York Legal Assistance Group, St. Vincent De Paul Legal Program, Inc., Consumer Justice for the Elderly: Litigation Clinic, St. John's University School of Law, Amici Curiae.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Owen Fullerton Roberts of counsel), for appellant.
Steven Grodensky, P.C., New York (David De Andrade of counsel), for respondent.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for State of New York, amicus curiae.
St. Vincent DePaul Legal Program, Inc., Consumer Justice for the Elderly: Litigation Clinic, St. John's University School of Law, Jamaica (Gina M. Calabrese of counsel), for Camba Legal Services Inc., Fordham Law School Feerick Center for Social Justice, Legal Services NYC, Legal Services of the Hudson Valley, Mobilization for Justice, New York Legal Assistance Group, and St. Vincent De Paul Legal Program, Inc., Consumer Justice for the Elderly: Litigation Clinic, St. John's University School of Law, amici curiae.

Order of the Appellate Term of the Supreme Court of the State of New York, First Department (Hagler, J.P., Tisch, Michael, JJ.), entered on or about June 21, 2022, which, insofar as appealed from as limited by the briefs, affirmed an order of Civil Court, New York County (Matthew P. Raso, J.), entered on or about December 7, 2020, denying, based on a finding of waiver, defendant's motion pursuant to CPLR 5015(a)(4) to vacate a default judgment entered against her and to dismiss plaintiff Esgro Capital Management LLC's complaint for lack of personal jurisdiction, unanimously modified, on the law, to the extent of reversing the affirmance of the denial of defendant's motion to vacate pursuant to CPLR 5015(a)(4), the matter remanded to Civil Court for further proceedings on the CPLR 5015(a)(4) motion to vacate in accordance with this decision, and otherwise affirmed, without costs.
The proper approach for determining whether a defendant has waived the CPLR 5015(a)(4) personal jurisdiction defense involves the consideration of whether the defendant's particular actions amount to "an intentional relinquishment of a known right" (Homapour v Harounian, 200 AD3d 575, 576 [1st Dept 2021]; see Hyperion Med. P.C. v Trinet HR III, Inc., 190 AD3d 456, 458 [1st Dept 2021]), and results from the taking of some affirmative action evincing the intent to accept a judgment's validity — such as the making of voluntary payments to satisfy a default judgment prior to moving to vacate (see e.g.. Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 715-716 [2d Dept 2018]). The mere fact that a defendant, like defendant here, was subject to payments pursuant to a wage garnishment order for more than one year without taking some action is not, without more, a proper basis for finding waiver of the ability to seek relief under CPLR 5015(a)(4) (see Community State Bank v Haakonson, 94 AD2d 838, 839 [3d Dept 1983]; compare Cadlerock Joint Ventures, L.P. v Mitiku, 45 AD3d 452, 453 [1st Dept 2007]).
M-2023-04642 — Esgro Capital Mgt., LLC v Banks
Motion for leave to file an animus curiae brief granted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023