U.S. Equities Corp. v Bartolini (2024 NY Slip Op 50396(U))

[*1]

U.S. Equities Corp. v Bartolini

2024 NY Slip Op 50396(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-466 W C

U.S. Equities Corp., Respondent,
against
John Anthony Bartolini, Appellant. 

Joseph Anthony Dempsey, for appellant.
Linda Strumpf, for respondent.

Appeal from an order of the City Court of New Rochelle, Westchester County (Eileen Songer McCarthy, J.), entered May 13, 2022. The order denied defendant's motion to vacate a judgment entered July 31, 2006 upon defendant's failure to appear or answer the complaint, and, upon such vacatur, to dismiss the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $5,963.80 for breach of a credit card agreement, upon an account stated, and for attorney's fees after defendant allegedly defaulted in or about November 1998 in making his monthly credit card payments. The affidavit of service of process states that, after attempts at personal service failed, service was effectuated pursuant to CPLR 308 (4) in July 2004 by affixing a copy of the complaint to the door of defendant's home in Yorktown Heights and mailing a copy to the same address four days later. Defendant failed to appear in the action and a default judgment was entered on July 31, 2006 by the clerk of the City Court. Thereafter, an income execution was served on defendant's employer in August 2008, and defendant sent plaintiff a letter in September 2008 requesting a copy of the complaint and the default judgment. In April 2016, defendant's attorney sent plaintiff two letters requesting copies of the complaint, affidavit of service, and default judgment, as well as a settlement proposal. On June 19, 2019, one payment in the amount of $267.84 was made toward [*2]the default judgment through a wage garnishment of defendant's bank account. 
In April 2022, defendant moved to vacate the default judgment pursuant to CPLR 5015 (a) (4), asserting that he had moved from Yorktown Heights in 2001 and lived in Jefferson Valley at the time he had allegedly been served in 2004, and, upon such vacatur, to dismiss the complaint. By order entered May 13, 2022, the City Court (Eileen Songer McCarthy, J.) denied the motion.
After the income execution was served on his employer, defendant waited nearly 14 years to move to vacate the default judgment. In the intervening years, he acted by twice requesting a copy of the default judgment and also requesting a settlement. A payment was made in 2019 through a wage garnishment and defendant still did not move to vacate the default judgment until 2022. Under the circumstances, defendant "evidenced a willingness to accede to the terms of the judgment" (Cooper v Carlson, 130 AD2d 703, 703 [1987]; see West 187 St. Assoc. v Rojas, 37 Misc 3d 135[A], 2012 NY Slip Op 52110[U] [App Term, 1st Dept 2012]; see also Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452 [2007]; cf. Esgro Capital Mgt., LLC v Banks, 222 AD3d 433 [2023]). "While CPLR 5015 (a) vests a court with the discretionary power to relieve a party from its judgment or order, that discretion should not be exercised where, as here, the moving party has . . . been dilatory in asserting its rights" (Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451, 452 [1st Dept 1987]).
Accordingly, the order is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024