LVNV Funding, LLC v Alvarado (2024 NY Slip Op 51203(U))

[*1]

LVNV Funding, LLC v Alvarado

2024 NY Slip Op 51203(U) [83 Misc 3d 136(A)]

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S.
OTTLEY, JJ

2023-635 RI C

LVNV Funding, LLC, Respondent,
against
Abel R. Alvarado, Appellant. 

Camba Legal Services, Inc. (Divya Subrahmanyam of counsel), for appellant.
J. Robbin Law, PLLC (Austin O'Brien of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County
(Mary A. Kavanagh, J.), entered April 18, 2023. The order denied defendant's motion to
vacate a judgment entered upon his failure to appear or answer the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in April 2014 to recover the principal sum of
$8,477.02 for breach of a credit card agreement and upon an account stated. The affidavit
of service states that, on April 8, 2014, the summons and complaint were delivered to a
person of suitable age and discretion, a co-tenant, at defendant's dwelling place, and then,
on April 9, 2014, mailed to defendant's last known residence (see CPLR 308 [2]).
On January 6, 2015, a judgment in the total sum of $13,003.62 was entered against
defendant upon his failure to appear or answer the complaint.
In January 2020, defendant became aware that his wages were being garnished. Over
two and a half years later, in September 2022, defendant moved to vacate the default
judgment pursuant to CPLR 5015 (a) (4) on the ground of lack of jurisdiction, as he was
never served with the summons and complaint, and, pursuant to CPLR 5015 (a) (1), on
the ground of excusable [*2]default. Plaintiff opposed the
motion. By order entered April 18, 2023, the Civil Court (Mary A. Kavanagh, J.) denied
defendant's motion.
When a defendant moves to vacate a default judgment pursuant to CPLR 5015 (a)
(4) and (a) (1), the court is required to resolve the CPLR 5015 (a) (4) jurisdictional
question before determining whether it is appropriate to grant a discretionary vacatur
pursuant to CPLR 5015 (a) (1) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896
[2013]; Capital Equity Mgt.,
LLC v Carrozza, 65 Misc 3d 153[A], 2019 NY Slip Op 51888[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2019]). A defendant may waive lack of personal
jurisdiction where payments were made pursuant to a wage garnishment for a substantial
period of time (see Cadlerock
Joint Venture, L.P. v Kierstedt, 119 AD3d 627 [2014]). Here, defendant
admitted that he was aware that his wages had been garnished beginning in early 2020,
which continued until he lost his job, and that he waited over two and a half years
thereafter before bringing this motion to vacate the judgment. Consequently, defendant
waived the defense of lack of jurisdiction, and the branch of defendant's motion seeking
to vacate the default judgment pursuant to CPLR 5015 (a) (4) was properly denied
(see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d at 628; U.S. Equities Corp. v Bartolini,
82 Misc 3d 128[A], 2024 NY Slip Op 50396[U] [App Term, 2d Dept, 9th and 10th
Jud Dists 2024]; cf. Esgro Capital Mgt., LLC v Banks, 222 AD3d 433 [2023]).
To the extent that defendant's motion sought to vacate the default judgment pursuant
to CPLR 5015 (a) (1), defendant's conclusory statements were insufficient to constitute
an excusable default (see U.S.
Bank, N.A. v Moultrie, 186 AD3d 525 [2020]) or a potentially meritorious
defense to the action (see Matter
of Hines v Baptiste, 178 AD3d 825 [2019]; Wise v Classon Vil., L.P., 172 AD3d 1444 [2019]).
Accordingly, the order is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024