Esgro Capital Mgt. LLC v Banks (2025 NY Slip Op 50052(U))

[*1]

Esgro Capital Mgt. LLC v Banks

2025 NY Slip Op 50052(U)

Decided on January 21, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2025
Civil Court of the City of New York, New York County

Esgro Capital Management LLC As Successor in Interest 
 TO TAYLOR BUSINESS INSTITUTE, Plaintiff(s),

against
Sharae Banks, Defendant(s).

Index No. CV-014262-12/NY

Steven Grodensky, P.C. (Steven Grodensky, of counsel), of Caledonia, NY, for plaintiff
The Legal Aid Society (Ellen McCormick, of counsel), of Jamaica, NY; Quinn Emanuel Urquhart & Sullivan LLP (Owen Roberts, of counsel), of New York, NY; and New Economy Project, of New York, NY, for defendant

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers                       Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Memoranda of Law
Other Papers in Motion Seq. No. 003 4
Upon the foregoing cited papers, the Decision/Order of the Court is as follows:
Plaintiff's motion for leave to reargue the Court's decision and order dated March 5, 2024 is granted to the extent of granting leave to reargue Motion Seq. No. 003 and, upon reargument, adheres to the Court's prior order. Further, defendant's motion for an order of restitution is granted in part and denied in part, in the manner and for the reasons set forth below.
The facts of the parties' dispute have been well-described in the four prior opinions filed in this action by the Court (Parker-Raso and Gingold, JJ.), the Appellate Term, First Department, and the Appellate Division, First Department. See, Esgro Capital Mgt. LLC v. Banks, 2020 NY. Misc. LEXIS 52174 (Civ. Ct., New York Co. Dec. 7, 2020), stay pending app. denied, 2021 NY Misc. LEXIS 74587 (Civ. Ct, New York Co. Dec. 3, 2021), affd., 75 Misc 3d 134(A) (App. Term, 1st Dept. 2022), revd., 222 AD3d 433 (1st Dept. 2023). The Court will not further belabor them here except where expressly necessary.
In seeking leave to reargue, plaintiff asserts that the Court misapprehended the nature of the Appellate Division's mandate remanding this action for further proceedings (Aff. in Supp. of Reargument, ¶¶ 14 and 19). In particular, plaintiff argues that the Court did not adequately consider defendant's potential waiver of jurisdiction by her alleged knowing acquiescence to wage garnishment to satisfy the default judgment in this action before scheduling a traverse hearing. (Aff. in Supp. of Reargument, ¶¶ 4-7). As plaintiff has indicated that it cannot produce the process server at a traverse hearing, the question effectively becomes whether this action ultimately will be dismissed for lack of jurisdiction. In light of plaintiff's motion, the Court will further address and illuminate that issue now.
At the outset, plaintiff also makes much of the fact that the Court (Catanzaro, J.) did not hold immediate oral argument upon the parties' return to the Court following remand from the Appellate Division, and instead took the fully-briefed motion on submission and eventual assignment. Plaintiff's assertions that "[e]ssentially, the [C]ourt denied the petitioner an opportunity to be heard," and that "the matter was decided without any input from petitioner whatsoever to allow to this matter to continue without the petitioner having the opportunity to be heard" are not well-founded. (Aff. in Supp. of Reargument, ¶¶ 16-19). Plaintiff has been extensively heard through multiple rounds of briefing through three courts on the issues presented, the court file is amply-stuffed with plaintiff's arguments, and the Court was well within its discretion to decline oral argument "as unnecessary given the extensive briefing in this and the underlying," proceedings and mark the motion submitted. Isaly v. Garde, 2022 NY Slip Op 34108(U), *2 n. 3 (Sup. Ct., New York Co. 2022), affd., 216 AD3d 594 (1st Dept. 2023). See also, e.g., Mingla v. City of New York, 2014 NY Slip Op 30162(U), *16 (Sup. Ct., New York Co. 2014) ("There is no right to oral argument "); and New York City Civilian Complaint Rev. Bd. v. Office of the Comptroller, Index No. 452358/2015, 2016 NY Misc. LEXIS 844, *1 (Sup. Ct., New York Co. Mar. 4, 2016) (noting that "[a]rgument on the motion is no substitute for the papers submitted"). The additional briefing and appearances subsequent to that appearance have most assuredly addressed any vestigial concern.
Plaintiff is correct that, based on the Appellate Decision, the Court was required to first decide the issue of waiver of the jurisdictional defense before then ordering a traverse hearing to determine the validity of the jurisdictional defense. The Court did so and found that there was no waiver, albeit the Court could have stated this reasoning expressly, which it did not. The Court does so now.
The trial court and the Appellate Term both found that the defendant, having been subject to garnishment for four years before filing the motion to vacate, had waived the jurisdictional defense on the basis of the lengthy garnishment alone, which appears to have been consistent with prior caselaw and practice of the Court. See, e.g., West 187th Street Assoc. v. Rojas, 37 Misc 3d 135 (App. Term, 1st Dept. 2012). However, on appeal, the Appellate Division reversed the Appellate Term and the trial court making it clear that, '[t]he mere fact that a defendant, like defendant here, was subject to payments pursuant to a wage garnishment order for more than one year without taking some action is not, without more, a proper basis for finding waiver of the ability to seek relief under CPLR 5015(a)(4)." Appellate Division Decision, at 433. This appears to be a purposeful departure from prior caselaw under which the defendant's failure to file the motion to vacate within a year of the commencement of the garnishment, or in this instance even within four years of the garnishment, is not sufficient. Specifically, the Appellate Division has directed that there must be "more," and, on remand, has directed that the Civil [*2]Court determine whether there was anything more, and if so, whether that more, if any, is sufficient to constitute waiver. In this regard, the Appellate Division directed "further proceedings on the CPLR 5015(a)(4) motion to vacate in accordance with [their] decision," namely to determine whether "defendant's particular actions amount to 'an intentional relinquishment of a known right.' and results from the taking of some affirmative action evincing the intent to accept a judgment's validity." Appellate Division Decision, 222 AD3d at 433 (citations omitted and emphasis added). 
Upon remand, the Court reviewed the record, but this time to determine whether the record sufficiently indicated whether "defendant's particular actions amount[ed] to 'an intentional relinquishment of a known right.' and results from the taking of some affirmative action evincing the intent to accept a judgment's validity." Appellate Division Decision, 222 AD3d at 433 (citations omitted. The Court reviewed the record and determined that defendant did not undertake sufficient affirmative action(s) evincing an intent to accept the judgment's validity. Specifically, the record on showed that, in addition to the garnishment of a little four years prior to the defendant's motion to vacate, defendant made 3 telephone calls to plaintiff (on or about August 22, 2017, October 4, 2017, and October 11, 2017), defendant sent supporting information regarding the judgment on or about October 4, 2017 and called defendant on or about October 17, 2017, and defendant rejected a settlement offer.[FN1]
 Based on the record on remand from the original motion, the Court determined that plaintiff did not sufficiently demonstrate the level of affirmative actions by defendant evincing defendant's intent to accept the judgment's validity as the Appellate Division required in its holding in Esgro. Accordingly, finding that there was no waiver, the Court, in its decision and order of March 5, 2024, ordered the traverse hearing.
At the Traverse hearing on May 1, 2024, the parties appeared, and plaintiff indicted that it was unable to produce the process server. Although the Court would typically find in favor of defendant immediately upon the failure of the plaintiff to produce the process server at a Traverse hearing, plaintiff argued that ordering the Traverse at that time was premature because there need to first be a determination on the issue of waiver. Although the Court had made that determination before ordering the Traverse, because plaintiff had filed the instant motion to reargue the week prior to the Traverse on April 22, 2024, the Court agreed not to proceed on the Traverse and dismiss the action at that time based on the non-appearance of the process server and agreed to postpone the Traverse pending decision on the instant motion.
Upon review of the plaintiff's submissions on the instant motion, the Court finds that plaintiff still has not demonstrated any affirmative acts by defendant that would warrant waiver consistent with the holding in Esgro. Specifically, in plaintiff's motion for reargument, it asserts that "respondent "spoke with [plaintiff's counsel's office] several times after judgment entry and [*3]after the wage garnishment about the details of the account, and still, respondent CHOSE to allow the wage garnishment to continue." (Aff. in Supp. of Reargument, ¶ 6) (emphasis in original). Conversely, defendant has expressly stated that she "never acknowledged the validity of the judgment," and that she refused plaintiff's offer of a settlement. (Aff. in Reply, ¶ 15(h)). The facts asserted in plaintiff's papers on the instant motion are essentially the same asserted facts presented to the Court in the original motion, which the Court previously found to be insufficient in light of the holding in Esgro. Indeed, had there been new evidence of "more," plaintiff could and presumably would have filed the instant motion as one of renewal rather than reargument with fact affidavits in support thereof, which plaintiff did not do. 
Plaintiff relies, primarily, upon two cases from the Appellate Division, Second Department, Equities Corp v. Bartolini, 82 Misc 3d 128(A), *2 (App. Term, 2d Dept. 2024) and LVNV Funding v. Alvarado, 83 Misc 3d 136(A), *2 (App. Term, 2d Dept. 2024). Neither case is availing for plaintiff. In Bartolini, the Court found there was waiver and thus affirmed denial of vacatur where the defendant, in addition to allowing the garnishment for 3 years before filing the motion to vacate, and that defendant's counsel had corresponded with plaintiff 6 years prior to the motion to vacate, and requested a settlement proposal. Bartolini, at *2. This is distinguishable from the instant action as there is no indication defendant retained counsel to potentially respond to the claim here and never made a settlement proposal.
As for Alvarado, despite the Appellate Term, Second Department citing to the Esgro decision with approval, Alvarado appears to maintain almost the precise fact pattern that was rejected by the First Department in Esgro. In Alvarado, the defendant waited approximately two and half years after admitting that they were aware of the judgment to seek vacatur, which that Court held was sufficient to find waiver. Alvarado, at *2. Indeed, the Alvarado court held that "[a] defendant may waive lack of personal jurisdiction where payments were made pursuant to a wage garnishment for a substantial period of time." Alvarado, at *2. Conversely, in Esgro, the First Department expressly held that a finding of waiver based solely upon acquiescence to the garnishment (even for four years) was insufficient and required a finding of something more in the form of an affirmative action evincing the intent to accept a judgment's validity. As the Appellate Term of the Second Department does not bind the Court, the Court will decline to follow Alvarado as inconsistent with Esgro. See, People v. Pestana, 195 Misc 2d 833, 839 (Crim. Ct., New York Co. 2003); and Demarco v. Petrou, 71 Misc 3d 1129, 1136 n. 6 (Webster Town Ct. 2021) (court not bound by Appellate Terms of the Second Department). 
Plaintiff also seems to suggest that the remand from the Appellate Division required a separate evidentiary hearing of some kind on the issue of waiver, rather than reviewing the record on appeal and deciding the issue of waiver with the understanding that acquiescence by itself was not sufficient, and whether there was something more in the record that evinced an affirmative intent to accept the judgment and waive the defense. The Court disagrees. Had the Appellate Division intended to mandate that the Court re-open the record in some other manner as plaintiff seemingly suggests, the Appellate Division would have done so. It did not and the Court has no reason to believe the Appellate Division envisions trial courts holding evidentiary hearing on the issue of waiver every time there is a motion to vacate a default judgment on jurisdictional grounds and the plaintiff claims waiver. In any event, plaintiff's election to seek reargument on the existing record rather than renewal on additional facts renders the issue moot. Indeed, the Court reasonably presumes that if there were additional facts, plaintiff would have filed the motion as seeking renewal and provided such additional facts in the form of an [*4]affidavit, which it did not.
Motion Sequence No. 005 (Motion for Restitution)
Turning then to defendant's motion for restitution, that motion is granted in part and denied in part. Pursuant to CPLR 5015(d), "the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal," upon vacating a judgment. Whether defendant is entitled to restitution of the $18,226.06 plaintiff garnished from defendant will depend on the result of the traverse hearing, which may now proceed as previously ordered now that the instant motion has been decided. Accordingly, that motion is granted to the extent that restitution will be ordered in the event plaintiff is unsuccessful at Traverse.
As for prejudgment interest on the restitution, while the Court agrees with defendant that restitution would be proper and required in the event the action is dismissed for lack of jurisdiction upon Traverse, the Court disagrees that defendant should be awarded interest from the time of the garnishment in addition to a return of the garnished money. Even though defendant did not waive her jurisdictional defense by an affirmative act, defendant concedes that she was aware of the judgment in 2016, defendant did not move to vacate it until September 2020. (Aff. in Supp., at 3; and Aff. in Reply, ¶ 15(h)). That is a stark contrast to the cases defendant cites in support of her application for interest, in which defendants were far more prompt in asserting their rights. Cf., Down E. Seafood, Inc., supra. (fixing interest when defendant "promptly moved to vacate the default," and plaintiff continued collection efforts during motion practice); Damsky v. Williams, 80 Misc 3d 1221(A), *6 (Civ. Ct., Kings Co. 2023) (same); and Ladco Fin. Group., Inc. v. Andrew Thomas Enters., 10 Misc 3d 135(A), *2 (App. Term, 2d Dept. 2005) (fixing interest upon restitution sought approximately one year after default). Although defendant's work, educational, and family commitments were substantial if not extreme during that period, the fact remains that defendant did not take action to halt collection for four years. (Aff in Reply, ¶ 15(j-t)). That inaction, while perhaps understandable, is still nonfeasance following Vega, and forecloses awarding prejudgment interest upon the restitution amount. However, plaintiff's failure to promptly pay restitution, if ordered after the Traverse hearing, will trigger statutory interest upon a judgment.
Accordingly, it is
ORDERED that plaintiff's motion sequence number 004 seeking leave to reargue Motion Seq. No. 003 is granted to the extent set forth below; and it is further
ORDERED that, upon such reargument, the Court adheres to its prior order determining Motion Seq. No. 003; and it is further
ORDERED that the parties shall appear for a Traverse hearing on March 5, 2025 at 2:15pm; and it is further
ORDERED that the branch of defendant's motion sequence number 005 seeking restitution of the garnished amounts is granted to the extent stated herein pending the Traverse hearing; and it is further
ORDERED that the branch of defendant's motion sequence number 005 seeking prejudgment interest upon the restitution amount is denied.
This constitutes the Decision and Order of the Court.
Date: January 21, 2025
Hon. Jeffrey S. Zellan, J.C.C.

Footnotes

Footnote 1: Plaintiff, neither on the underlying motion nor in its present CPLR 2221 motion, offered recordings of those conversations, while the Court takes notice that debt collection calls are typically recorded pursuant to federal law. Moreover, plaintiff did not offer any indication that defendant admitted the validity of the judgment during any of the calls. Rather, plaintiff's own notes indicate that defendant affirmatively denied owing plaintiff any money during their October 17, 2017 telephone conversation. (Aff. in Supp. of Reargument, Ex. A at 2)