Paolillo v McManus (2025 NY Slip Op 50821(U))

[*1]

Paolillo v McManus

2025 NY Slip Op 50821(U)

Decided on May 1, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2024-571 S C

Michele Paolillo, Appellant,
against
Danielle McManus, Respondent, Arsene McManus, Tenant, "John Doe" and "Jane Doe", Undertenants. 

Frederic C. Foster, P.C. (Frederic C. Foster and Shania R. Queen of counsel), for appellant.
Harold A. Steuerwald, LLC (Harold A. Steuerwald of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Southampton, Suffolk County (Karen Sartain, J.), dated April 18, 2024. The order, insofar as appealed from, granted the branches of Danielle McManus's motion seeking to vacate so much of a default final judgment entered January 4, 2019 as awarded landlord the sum of $4,780 as against Danielle McManus and, upon such vacatur, for a hearing on the amount of rent due in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branches of Danielle McManus's motion seeking to vacate so much of the default final judgment as awarded landlord the sum of $4,780 as against Danielle McManus and, upon such vacatur, for a hearing on the amount of rent due in a nonpayment summary proceeding are denied.
Landlord commenced this nonpayment proceeding in December 2018, and a final judgment awarding landlord possession and the sum of $4,780 was entered on January 4, 2019 upon the failure of both named respondents to appear in court. Daniellle McManus (tenant) satisfied the monetary part of the judgment by income execution. In October 2023, tenant moved to vacate so much of the default final judgment as awarded landlord the sum of $4,780 as against her, pursuant to the inherent discretionary power of the court to relieve a party from a judgment in the interest of substantial justice, and, upon such vacatur, for, in effect, restitution, or, in the alternative, a hearing limited to the issue of how much rent landlord was owed. In an order dated [*2]April 18, 2024, the Justice Court (Karen Sartain, J.) granted tenant's motion to the extent of vacating so much of the default final judgment as awarded landlord $4,780 as against tenant and setting the matter down for a "trial on the limited issue of rent due." 
While a court has the inherent power to vacate its judgments in the interest of justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Ladd v Stevenson, 112 NY 325, 332 [1889]), under the circumstances presented, we find that it was an improvident exercise of the Justice Court's discretion to grant the branch of tenant's motion seeking to vacate so much of the default final judgment as awarded landlord $4,780 as against tenant (see Epps v LaSalle Bus, Inc., 271 AD2d 400, 400 [2000]; Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451, 452 [1987]; U.S. Equities Corp. v Bartolini, 82 Misc 3d 128[A], 2024 NY Slip Op 50396[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
Accordingly, the order, insofar as appealed from, is reversed and the branches of tenant's motion seeking to vacate so much of the default final judgment as awarded landlord the sum of $4,780 as against tenant and, upon such vacatur, for a hearing on the amount of rent due in a nonpayment summary proceeding are denied.
GARGUILO, P.J., WALSH and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 1, 2025