Khusenov v Tursunova (2026 NY Slip Op 00582)

Khusenov v Tursunova

2026 NY Slip Op 00582

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 313725/13|Appeal No. 5756|Case No. 2024-06960|

[*1]Shakhriyor Khusenov, Plaintiff-Respondent,
vDilorom Tursunova, Defendant-Appellant.

Lee Anav Chung White Kim Ruger & Richter LLP, New York (Veronica Kapka Marallo of counsel), for appellant.
Beckerman & Granados PLLC, Forest Hills (Richard Beckerman of counsel), for respondent.

Supplemental order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about October 11, 2024, which denied defendant wife's motion to vacate a 2014 judgment of divorce, unanimously reversed, on the law, without costs, the motion to vacate granted and the judgment of divorce vacated, and the matter remanded for further proceedings, including as related to the wife's application for attorneys' fees pursuant to 22 NYCRR 130-1.1.
Although not raised before Supreme Court, we may review the wife's argument that the purported judgment of divorce is void for lack of personal jurisdiction, since she does not allege new facts but rather raises a new legal argument, which appears upon the face of the record and could not have been avoided if brought to plaintiff husband's attention at the proper juncture (see Augustin v Augustin, 79 AD3d 651, 652 [1st Dept 2010]). Further, any argument that the wife waited too long to vacate the judgment for lack of personal jurisdiction is unavailing, as there is no time limitation on such a motion (see Caba v Rai, 63 AD3d 578, 580 [1st Dept 2009]).
The husband had the burden of demonstrating that that the court acquired personal jurisdiction over the wife (see Leili v Romanello, 223 AD3d 621, 621 [1st Dept 2024]; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717 [2d Dept 2017]). We conclude that he failed to satisfy this burden, rendering the purported judgment a nullity (see Matter of John F.B. v Maria U., 244 AD3d 533 [1st Dept 2025]; Shaw v Shaw, 97 AD2d 403, 404 [2d Dept 1983]). The husband did not submit an affidavit of service, and the wife, whose testimony on the issue was credited by the motion court, testified that she was never served with any documents pertaining to the divorce action. Although the husband initially claimed that the wife was served by the paralegal he hired to prepare the divorce paperwork, he later stated that he did not understand what an affidavit of service was and confirmed that he never took any steps to have the wife served with the summons. The only document in the record alluding to service of the summons on the wife is an "affidavit" of the wife, purportedly filed in the divorce action, which the motion court found to have been forged. That the wife may have become aware of the divorce judgment several years after it was entered is irrelevant to the issue of jurisdiction since compliance with the statutorily prescribed methods of service of process is of paramount concern (see Raschel v Rish, 69 NY2d 694, 697 [1986]; see also Matter of E.R. v S.C., 222 AD3d 452, 453 [1st Dept 2023]).
The husband's argument that the wife effectively ratified the judgment of divorce through a course of conduct is unavailing. This Court has held that the proper approach for determining whether a defendant has waived a personal jurisdiction defense is to consider whether the defendant's conduct amounts to an intentional relinquishment of a known right and requires "some affirmative action evincing the intent to accept a judgment's validity" (Esgro Capital Mgt., LLC v Banks, 222 AD3d 433, 433 [1st Dept 2023]). Applying that standard, there is no evidence in the record that the wife acquiesced to the purported judgment of divorce.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026